616 So.2d 131 (1993)
James M. JANOUSEK, Appellant/Cross-Appellee,
v.
Nancy D. JANOUSEK, Appellee/Cross-Appellant.
No. 92-1136.
District Court of Appeal of Florida, First District.
March 25, 1993.
Rehearing Denied April 23, 1993.
Charles D. Jamieson, of Glickman, Witters & Marell, West Palm Beach, for appellant/cross-appellee.
Robert A. Sandow, Live Oak, for appellee/cross-appellant.
PER CURIAM.
Both parties raise a number of issues on appeal and cross-appeal, only one of which has merit. The wife was named the primary residential parent of the parties' two minor children. She was also awarded rehabilitative alimony for five years. The final judgment provided:
During this period the Wife is prohibited from relocating the children from Live Oak so that the Father's right to frequent contact with his children will not be denied. After said five (5) year period the wife is prohibited from relocating *132 more than 120 miles from Live Oak, Florida.[1]
The husband contends that the trial judge abused his discretion by permitting the wife to relocate after the five year period. We agree.
When a cause involving child custody is presented to the trial court, "the trial court is required to make a final determination on that issue at that time." Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990), review denied, 581 So.2d 1309 (Fla. 1991) (emphasis in original). After hearing the evidence presented regarding the children's best interests, the trial judge found that it was in the children's best interest that the wife should be the primary residential parent and that the children should remain in Live Oak. This finding is supported by competent substantial evidence. No evidence was presented which would support a determination that a substantial change in circumstances would occur at the end of this five-year period or that such a relocation would promote the welfare of the children.
We vacate the provision in the final judgment of dissolution which permits the wife to relocate after a period of five years. We remand with directions to award the wife primary residential responsibility, with the restriction that the children remain in Live Oak, subject to future modification in accordance with the general law of modification upon a showing of substantial change in circumstances and that the welfare of the children would be promoted by a modification of the custody provision. See Dobbins v. Dobbins, 584 So.2d 1113 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992). In all other respects, the final judgment of dissolution is affirmed.
ERVIN, ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] During oral argument, counsel for the parties agreed that this provision permitted the wife to relocate the children at the end of the five-year period based on the fact that she was named the primary residential parent.