987 So.2d 212 (2008)
Shawn M. ARTHUR, Appellant,
v.
Josette A. ARTHUR, Appellee.
No. 2D07-1455.
District Court of Appeal of Florida, Second District.
July 25, 2008.
*213 William S. Chambers, IV, of GrayRobinson, Lakeland, for Appellant.
Mark A. Neumaier, Tampa, for Appellee.
GALLEN, THOMAS M., Associate Senior Judge.
Shawn M. Arthur (the Husband) challenges a Final Judgment of Dissolution of Marriage, raising six issues. We find reversible error only in the provision of the final judgment requiring the Husband to maintain life insurance coverage to secure his child support obligation. In all other respects, we affirm the final judgment.
The main controversy in this case stems from the trial court's decision to authorize Josette A. Arthur (the Wife) to permanently relocate with the minor child to the state of Michigan, but only upon the child reaching the age of three. We explain herein our reasons for affirming the trial court's ruling on the relocation issue and for reversing on the life insurance issue. The other four issues raised by the Husband are rejected without discussion.
At the time of trial, the parties' minor child was sixteen months old. The trial court granted shared parental responsibility, with the Wife designated as the primary residential parent, subject to reasonable visitation by the Husband. In addressing the Wife's relocation, the court gave detailed reasons for its ruling, including that the Wife proposed to move to *214 the area where she grew up and has family and that the area is close to the Husband's extended family in Ohio. The court explained its reasons for delaying the relocation until the child turns three, as follows: "[T]he Court is cognizant that children between infancy and approximately 3 years of age need more frequent contact with both parents in order to properly bond with the parents. But for the Court's concern for the Husband's ability to bond with his son, the Wife's relocation would have been granted without further delay."
The Husband argues on appeal that the trial court erred as a matter of law in determining that the Wife can relocate with the child approximately twenty months after the final hearing. He asserts that the trial court's ruling is a prospective determination of the child's best interest and that the court lacks authority to make such a determination. He asserts that the trial court was required to make a determination at the present time and to decide the issue with finality. He asks this court to direct the trial court on remand to deny the relocation request because it was not in the child's best interest at the time of the final hearing.
The Wife argues that the trial court's ruling was supported by competent, substantial evidence and the proper inference to be drawn from the ruling is that the trial court found relocation to be in the best interest of the child, based on conditions now known and reasonably foreseeable. She submits that in analyzing the factors under section 61.13001, Florida Statutes (2006), which governs the request for relocation, the trial court found that the majority of the factors supported the move. She contends that the trial court acted within its authority when it delayed implementation of the ruling until the child reaches his third birthday, and she analogizes this order to other routine awards in dissolution cases that become effective in the future: an award of rehabilitative alimony which terminates in the future and an award granting exclusive use of a marital residence for a set period of time.
We agree with the Wife that the trial court did not exceed its authority in granting the relocation request upon the child reaching the age of three. We reject the Husband's assertion that the trial court found relocation to be not in the best interest of the child as of the day of the trial. The Husband presumes that the trial court would have denied relocation if it had to decide whether the Wife could relocate on the date that the final judgment was entered. We cannot accept this interpretation of the trial judge's ruling because it is contradicted by the detailed findings in the final judgment supporting the Wife's relocation request. The trial court found relocation to be in the child's best interest, stating: "The Husband seeks to prevent relocation for legitimate reasons, but in weighing the child's best interests, relocation is the favored outcome."
The Husband cites Janousek v. Janousek, 616 So.2d 131 (Fla. 1st DCA 1993), for the proposition that when a child custody issue is presented to the trial court, the court is required to make a final determination on the issue at that time. In Janousek, the wife was named the primary residential parent of the minor children and the final judgment provided that the wife was prohibited from relocating the children from Live Oak for a five-year period, after which the wife was prohibited from relocating more than 120 miles from Live Oak. 616 So.2d at 131-32. On appeal, the husband successfully challenged the provision allowing the wife to relocate after the five-year period. Id. at 132. The appeals court explained that the trial judge found that the children should remain in *215 Live Oak and that this finding was supported by competent, substantial evidence. However, "[n]o evidence was presented which would support a determination that a substantial change in circumstances would occur at the end of this five-year period or that such a relocation would promote the welfare of the children." Id.
We conclude that Janousek is not controlling and is distinguishable on its facts. In the present case, the trial court's findings favored relocation by the Wife, whereas in Janousek the trial court's findings prohibited relocation by the wife. By upholding the relocation in the present case, we are sustaining a ruling that is supported by the trial court's findings. The appeals court did the same in Janousek when it vacated the provision which permitted the wife to relocate after five years. Thus, we conclude that our decision is not in conflict with Janousek.
The Husband next argues that the trial court erred in requiring him to maintain life insurance in the amount of $50,000 as security for the child support award because there was no evidence presented at trial as to the cost or availability of such insurance. We agree that this was error.
"In order for a trial court to order that a party purchase insurance to secure a support obligation, the record should contain evidence of the payor's insurability, the cost of the proposed insurance, and the payor's ability to afford the insurance." Lopez v. Lopez, 780 So.2d 164, 165-66 (Fla. 2d DCA 2001). As we did in Lopez, we reverse for further proceedings on this issue.
Affirmed in part, reversed in part, and remanded.
WALLACE, J., Concurs.
STRINGER, J., Concurs in part and dissents in part with opinion.
STRINGER, Judge, Concurring in part and dissenting in part.
I concur in the reversal of the provision in the final judgment requiring the Husband to maintain life insurance coverage to secure his child support obligation. I also concur in the affirmance of the remaining provisions in the final judgment with the exception of the provision authorizing the Wife's prospective relocation with the minor child to the state of Michigan.
Under section 61.13001(7), Florida Statutes (2006), the court must consider the following factors prior to reaching a decision on a parent's request for permanent relocation:
(a) The nature, quality, extent of involvement, and duration of the child's relationship with the parent proposing to relocate with the child and with the nonrelocating parent, other persons, siblings, half-siblings, and other significant persons in the child's life.
(b) The age and developmental stage of the child, the needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child.
(c) The feasibility of preserving the relationship between the nonrelocating parent or other person and the child through substitute arrangements that take into consideration the logistics of contact, access, visitation, and time-sharing, as well as the financial circumstances of the parties; whether those factors are sufficient to foster a continuing meaningful relationship between the child and the nonrelocating parent or other person; and the likelihood of compliance with the substitute arrangements by the relocating parent once he *216 or she is out of the jurisdiction of the court.
(d) The child's preference, taking into consideration the age and maturity of the child.
(e) Whether the relocation will enhance the general quality of life for both the parent seeking the relocation and the child, including, but not limited to, financial or emotional benefits or educational opportunities.
(f) The reasons of each parent or other person for seeking or opposing the relocation.
(g) The current employment and economic circumstances of each parent or other person and whether or not the proposed relocation is necessary to improve the economic circumstances of the parent or other person seeking relocation of the child.
(h) That the relocation is sought in good faith and the extent to which the objecting parent has fulfilled his or her financial obligations to the parent or other person seeking relocation, including child support, spousal support, and marital property and marital debt obligations.
(i) The career and other opportunities available to the objecting parent or objecting other person if the relocation occurs.
(j) A history of substance abuse or domestic violence as defined in s. 741.28 or which meets the criteria of s. 39.806(1)(d) by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
(k) Any other factor affecting the best interest of the child or as set forth in s. 61.13.
The parent wishing to relocate bears the burden of proving by a preponderance of the evidence that relocation is in the child's best interests. § 61.13001(8).
In this case, the trial court entered an order addressing each of the above-listed factors. Under factor (b), the court found that relocation would hinder the Husband's ability to develop a bond with the sixteen-month-old child. The court explained that between infancy and three years of age, children need more frequent contact with parents in order to properly bond with them. The court concluded that it would have authorized immediate relocation with the Wife but for its concern with the Husband's ability to develop a bond with the child. The court thus denied the Wife's request for immediate relocation but authorized relocation when the child reaches three years of age.
I read this portion of the final judgment to be a determination that relocation was not in the child's best interests as of the day of trial. Section 61.13001 does not give the trial court the authority to deny a request for relocation if relocation is in the child's best interests. Because the trial court declined to authorize relocation as of the day of trial, it must have determined that relocation would not be in the child's best interests at that time. The statement relied upon by the majority to support its finding that the court found relocation to be in the child's best interests was made in consideration of a different factor listed above, factor (f). While the court concluded that factor (f) supported relocation, it ultimately denied immediate relocation based upon its consideration of factor (b).
Even if the final judgment could be read to conclude that relocation was in the child's best interests as of the day of trial, the relevant issue on appeal pertains to the prospective relocation of the child when the child reaches three years of age. I conclude that the trial court erred in authorizing prospective relocation because *217 there is no factual basis to support a determination that relocation would be in the child's best interests twenty months after trial.
The court's authorization of prospective relocation can only be supported by a finding that relocation would be in the child's best interests twenty months in the future. By delaying relocation until the child turned three so that the Husband could bond with the child, the court implicitly found that twenty months would be sufficient time in which to complete this task. However, the court's determination that the child would have sufficiently bonded with the Father in that time period was, at best, speculative. The trial court's findings regarding the factors for relocation must be supported by competent, substantial evidence. Fredman v. Fredman, 960 So.2d 52, 60 (Fla. 2d DCA 2007).
Furthermore, the court's authorization of prospective relocation presumes that the remainder of the factors considered by the court will remain unchanged for twenty months. It therefore impermissibly relieved the Wife of her burden of proving by a preponderance of the evidence that relocation would be in the child's best interests in the future. In my view, Janousek v. Janousek, 616 So.2d 131 (Fla. 1st DCA 1993), is directly on point.
In Janousek, the parties agreed that the provision at issue provided for relocation at the end of a five-year period based on the wife's status as the primary residential parent. Id. at 132 n. 1. The appellate court reversed this portion of the final judgment of dissolution because the trial court was required to make a final determination on the issue of child custody at the time of trial and because no evidence supported a future modification. Id. at 132. The court directed the trial court to award the wife primary residential responsibility with the restriction that the children remain in their home city "subject to future modification in accordance with the general law of modification upon a showing of substantial change in circumstances and that the welfare of the children would be promoted by a modification of the custody provision." Id.
In this case, as in Janousek, the provision of the final judgment provided for relocation at the end of a term of years based on the Wife's status as the primary residential parent. Thus, the trial court failed to make a final determination on the issue of child custody. Additionally, the Mother did not present any evidence that would support a determination that there would be a substantial change in circumstances at the end of the set time period that would support a future modification of the custody provision.
Accordingly, I would reverse the provision authorizing the Wife's prospective relocation with the minor child.