992 So.2d 296 (2008)
Nolan Michael SYLVESTER, Former Husband, Appellant,
v.
Jennifer Reeves SYLVESTER, Former Wife, Appellee.
No. 1D08-0195.
District Court of Appeal of Florida, First District.
September 22, 2008.
Thomas E. Wheeler, Jr. of Stephen T. Holman, P.A., Pensacola, for Appellant.
Sharon K. Wilson, Pensacola, for Appellee.
WOLF, J.
The former husband appeals an order of the trial court granting the relocation request of the former wife but requiring the relocation not occur until the child reaches 5 years of age and/or starts kindergarten. The child was 3 years old at the time of the hearing. The former husband asserts that no competent substantial evidence supports the former wife's request for relocation and the trial court erred in allowing for relocation nearly two years in the future. We determine that the trial court erred in allowing for relocation two years in the future and, because the provision appears to be an integral part of the trial court's order, we reverse and remand the entire order for reconsideration by the trial court.
The trial court made the following findings concerning the future relocation of the minor child:
(k) The Court can also consider any other factor affecting the best interest of the child or as set forth in 61.13. . . . The Court does not believe it is in the child's *297 best interest to be separated from the Former Husband prior to entering kindergarten. . . . The Court does not think based on the facts presented here that relocation should be permanently barred. The Court will allow for relocation at a later point in time; and that is when [the minor child] turns five and enters kindergarten. The Court is not convinced relocation is in [the minor child's] best interest today is [sic] because of the short period of time between the dissolution and the request for relocation. The Court is not, by that, addressing any ulterior motive but that there is a lack of time and opportunity for [the minor child] to address and deal with the divorce. Right now, on the heels of the separation and dissolution, and [the minor child] as a three year old having to acclimate to that, then one parent relocates and now there is separation in terms of distance and [the minor child] has to adjust to distance and travel; in the Court's view that is too much to require of the minor child at this point. The Court believes [the minor child] needs a longer period of time. Although, that is not to say that the Former Wife does not have a rational and good motive.
During this period of time, both parents will have the opportunity to get [the minor child] to emotionally and mentally adjust to the fact that he will relocate. Also, it will give the Former Husband ample opportunity to look into whether or not he wants to relocate to Lafayette or somewhere else. The Former Husband testified that he did not know whether his AA credits would be accepted by the university in the Lafayette area but he can check into that. The Former Husband is in a relationship now and he will have the opportunity to see where that is going and to determine whether or not the relationship would be impacted if he decides to relocate. These are just a couple of salient things that come to mind when the Court considers what will occur during this two year (and it may be slightly more or slightly less than 24 months) period of time. After that, the Former wife may relocate to the Lafayette area (including suburbs) without further motion or order of this Court. If the Former Wife wishes to relocate to an area other than Lafayette or a suburb of Lafayette, she will be required to return to this Court for approval.
The trial court, therefore, determined that current relocation was not in the best interest of the child. Nevertheless, the trial court determined that when the child reaches 5 years of age and/or enters kindergarten, he would be emotionally and psychologically capable of handling a relocation. It is difficult enough to determine the present emotional and psychological needs of a child; it is impossible to speculate what those needs will be in two years.
In Janousek v. Janousek, 616 So.2d 131 (Fla. 1st DCA 1993), this court considered a similar ruling from a trial court and reversed, stating:
Both parties raise a number of issues on appeal and cross-appeal, only one of which has merit. . . . The final judgment provided:
During this period the Wife is prohibited from relocating the children from Live Oak so that the Father's right to frequent contact with his children will not be denied. After said five (5) year period the wife is prohibited from relocating more than 120 miles from Live Oak, Florida.
The husband contends that the trial judge abused his discretion by permitting the wife to relocate after the five year period. We agree.
When a cause involving child custody is presented to the trial court, "the trial court is required to make a final determination *298 on that issue at that time." Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990), review denied, 581 So.2d 1309 (Fla.1991) (emphasis in original). After hearing the evidence presented regarding the children's best interests, the trial judge found that it was in the children's best interest that the wife should be the primary residential parent and that the children should remain in Live Oak. This finding is supported by competent substantial evidence. No evidence was presented which would support a determination that a substantial change in circumstances would occur at the end of this five-year period or that such a relocation would promote the welfare of the children.
We vacate the provision in the final judgment of dissolution which permits the wife to relocate after a period of five years. We remand with directions to award the wife primary residential responsibility, with the restriction that the children remain in Live Oak, subject to future modification in accordance with the general law of modification upon a showing of substantial change in circumstances and that the welfare of the children would be promoted by a modification of the custody provision. See Dobbins v. Dobbins, 584 So.2d 1113 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla.1992). In all other respects, the final judgment of dissolution is affirmed.
Further, in Kates v. Kates, 619 So.2d 413, 414 (Fla. 5th DCA 1993), the Fifth District reversed an order directing custody of the parties' minor child be given to the former wife one year after the entry of the order so that the former wife would have time to "clean up her act." In reversing, the court noted that "[u]nder Florida law, primary physical residence remains with the husband unless and until the wife can show, in a modification proceeding, a valid, recognized reason for transfer of such residence" Id. (emphasis added).
In Arthur v. Arthur, 987 So.2d 212 (Fla. 2d DCA 2008), the Second District affirmed an order which at first appears similar to the order in the instant case. The Second District distinguished our decision in Janousek as follows:
We conclude that Janousek is not controlling and is distinguishable on its facts. In the present case, the trial court's findings favored relocation by the Wife, whereas in Janousek the trial court's findings prohibited relocation by the wife. By upholding the relocation in the present case, we are sustaining a ruling that is supported by the trial court's findings. The appeals court did the same in Janousek when it vacated the provision which permitted the wife to relocate after five years. Thus, we conclude that our decision is not in conflict with Janousek.

Id. at 215.
In the instant case, the trial court found that a present relocation was not in the best interest of the child. Thus, it can be argued that our case is distinguishable from Arthur. We disagree with Arthur, however, to the extent that it appears to allow the trial court to look into its crystal ball and determine whether relocation would be in the best interest in the future. As this court held in Janousek, the proper cause of action is to determine whether relocation is presently appropriate and consider future relocation based on the circumstances existing at that time.
REVERSED and REMANDED for reconsideration by the trial court.
BROWNING, C.J., and WEBSTER, J., concur.