QUINCE, J.
Shawn M. Arthur seeks review of the decision of the Second District Court of Appeal in Arthur v. Arthur, 987 So.2d 212 (Fla. 2d DCA 2008), on the ground that it expressly and directly conflicts with three decisions of the First District Court of Appeal, Sylvester v. Sylvester, 992 So.2d 296 (Fla. 1st DCA 2008); Janousek v. Janousek, 616 So.2d 131 (Fla. 1st DCA 1993); and Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. Based on our reasoning below, we quash the Second District’s decision in Arthur to the extent it is inconsistent with this opinion, and approve the First District’s decisions in Sylvester, Janousek, and Martinez to the extent that they are consistent with our analysis and holding.
FACTS AND PROCEDURAL BACKGROUND
In a dissolution of marriage action, the trial court granted shared parental responsibility, designating Josette A. Arthur (the Wife) as the primary residential parent. Shawn M. Arthur (the Husband) was granted reasonable visitation of the child. See Arthur v. Arthur, 987 So.2d 212, 213 (Fla. 2d DCA 2008). Moreover, and most pertinent to our decision in this case, the trial court authorized the Wife to permanently relocate with the parties’ minor child to the state of Michigan after the child reached the age of three. At the time of trial, the minor child was sixteen months old. See id. In granting the Wife’s relocation request, the trial court reasoned that the relocation was proper because the Wife proposed to move to the area where she grew up and had family, and the area was close to the Husband’s extended family. See id. at 213-14. Regarding its reasons for delaying the relocation until the child reached the age of three, the trial court explained:
[T]he Court is cognizant that children between infancy and approximately 3 years of age need more frequent contact with both parents in order to properly bond with the parents. But for the Court’s concern for the Husband’s ability to bond with his son, the Wife’s relocation would have been granted without further delay.
Id. at 214.
On appeal, the Husband argued that the trial court erred by determining that the Wife could relocate with the child approximately twenty months after the final hearing. More specifically, the Husband asserted that the trial court’s ruling was a prospective determination of the child’s best interest and that the court lacked authority to make such a determination. See Arthur, 987 So.2d at 214. Relying on the First District Court of Appeal’s decision in Janousek v. Janousek, 616 So.2d 131 (Fla. 1st DCA 1993), the Husband contended that the trial court was required to make a determination regarding relocation and the child’s best interests at the present time and to decide the issue with finality. See Arthur, 987 So.2d at 214. The Second District Court of Appeal disagreed and held that the trial court did not exceed its authority in granting the relocation request upon the child reaching the age of three. See id. The district court *456 rejected the Husband’s claim that the trial court found relocation not to be in the best interest of the child as of the day of the trial. Instead, the Second District concluded that the trial court’s detailed findings in the final judgment supported the Wife’s relocation request. See id. Additionally, the district court concluded that Janousek was not in conflict with its decision. The district court determined that unlike the instant case, the trial court in Janousek prohibited relocation; thus Jan-ousek did not control and was factually distinguishable. See id. Accordingly, the Second District affirmed the trial court’s final judgment regarding the relocation issue. See id. at 213.
The Husband petitioned this Court for discretionary review of the Second District’s decision in Arthur. His petition was based on express and direct conflict with the First District’s decisions in Sylvester, Janousek, and Martinez. We granted review to resolve this conflict.
ANALYSIS
Section 61.13001, Florida Statutes (2006), titled “Parental relocation with a child,” establishes the procedures involved in the relocation of a child, whether relocation is sought after agreement between the parties or alternatively contested by one party. In the case of a contested relocation, the Legislature has stated that “[n]o presumption shall arise in favor of or against a request to relocate with the child when a primary residential parent seeks to move the child and the move will materially affect the current schedule of contact, access, and time-sharing with the nonrelo-cating parent or other person.” § 61.13001(7), Fla. Stat. (2006). Instead, section 61.13001(8) states:
The parent or other person wishing to relocate has the burden of proof if an objection is filed and must then initiate a proceeding seeking court permission for relocation. The initial burden is on the parent or person wishing to relocate to prove by a preponderance of the evidence that relocation is in the best interest of the child. If that burden of proof is met, the burden shifts to the nonrelo-cating parent or other person to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child.
In addition to the burden that the parties must meet, the statute outlines several factors a trial court must consider before reaching a decision on a parent’s request for permanent relocation. Section 61.13001(7) provides that the court shall evaluate:
(a) The nature, quality, extent of involvement, and duration of the child’s relationship with the parent proposing to relocate with the child and with the nonrelocating parent, other persons, siblings, half-siblings, and other significant persons in the child’s life.
(b) The age and developmental stage of the child, the needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development, taking into consideration any special needs of the child.
(c) The feasibility of preserving the relationship between the nonrelocating parent or other person and the child through substitute arrangements that take into consideration the logistics of contact, access, visitation, and time-sharing, as well as the financial circumstances of the parties; whether those factors are sufficient to foster a continuing meaningful relationship between the child and the nonrelocating parent or other person; and the likelihood of compliance with the substitute arrangements by the relocating parent once he *457 or she is out of the jurisdiction of the court.
(d) The child’s preference, taking into consideration the age and maturity of the child.
(e) Whether the relocation will enhance the general quality of life for both the parent seeking the relocation and the child, including, but not limited to, financial or emotional benefits or educational opportunities.
(f) The reasons of each parent or other person for seeking or opposing the relocation.
(g) The current employment and economic circumstances of each parent or other person and whether or not the proposed relocation is necessary to improve the economic circumstances of the parent or other person seeking relocation of the child.
(h) That the relocation is sought in good faith and the extent to which the objecting parent has fulfilled his or her financial obligations to the parent or other person seeking relocation, including child support, spousal support, and marital property and marital debt obligations.
(i) The career and other opportunities available to the objecting parent or objecting other person if the relocation occurs.
(j) A history of substance abuse or domestic violence as defined in s. 741.28 or which meets the criteria of s. 39.806(l)(d) by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
(k) Any other factor affecting the best interest of the child or as set forth in s. 61.13.
Section 61.13, Florida Statutes (2006), requires trial courts to “determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act [UCCJEA].” § 61.13(2)(b)l, Fla. Stat. (2006). In turn, the UCCJEA states:
A child custody determination made by a court of this state which had jurisdiction under this part binds all persons who have been served in accordance with the laws of this state or notified in accordance with s. 61.509 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to those persons, the determination is conclusive as to all decided issues of law and fact except to the extent the determination is modified.
§ 61.507, Fla. Stat. (2006). It is this portion of the UCCJEA that the First District relied upon in Martinez, the decision guiding the court’s opinion in Janousek, in vacating the trial court’s order that required in part that (1) the husband be designated the interim primary residential parent of the child and (2) both parents return to the court in two years where the court would make a final and binding decision. Martinez, 573 So.2d at 39-40. The district court in Martinez indicated its general preference for finality in trial court judgments because “a litigant is entitled to know that a judgment determining his rights is final and will not be disturbed, except on appeal, or under the conditions prescribed by a rule.” Id. at 40 (quoting Board of Public Instruction of Dade County v. Dinkines, 278 So.2d 663, 664 (Fla. 3d DCA 1973)). Further, the court stated:
[W]hen a cause involving child custody is presented to the trial court at the final hearing and there is evidence from which the trial court can conclude that *458 the children’s best interests dictate that one parent rather than the other should be designated the primary residential parent, the trial court is required to make a final determination on that issue at that time.
Martinez, 573 So.2d at 40. Noting that nothing in the record precluded the trial court from rendering a final decision at the time of the hearing, the district court concluded that the ruling “erroneously deprived the final judgment of the statutorily-required finality.” Id. at 41.
The First District reiterated this line of reasoning in Janousek in reviewing a trial court order that granted a wife primary residential responsibility and permitted her to relocate two minor children after a five-year period. See 616 So.2d at 131-32. Quoting its Martinez decision, the district court reasoned that “when a cause involving child custody is presented to the trial court, ‘the trial court is required to make a final determination on that issue at that time.’ ” Id. at 132 (quoting Martinez, 573 So.2d at 40). The district court noted that “[n]o evidence was presented which would support a determination that a substantial change in circumstances would occur at the end of this five-year period or that such a relocation would promote the welfare of the children.” Id. Accordingly, the district court vacated the relocation provision in the final judgment. See id.
More recently, the First District decided Sylvester, a case with facts similar to those presented in the instant ease. In Sylvester, the trial court granted the wife’s relocation request but delayed relocation until the child reached five years of age and/or started kindergarten, finding that it was not in the best interest of the child to be immediately separated from the husband. At the time of the hearing the child was three years old. See 992 So.2d at 296. The trial court determined that current relocation was not in the best interest of the child because it believed that the child needed more time to acclimate to the marital dissolution. Rather, the court found that the child would be emotionally and psychologically capable of handling a deferred relocation. See id. at 296-97. On appeal, the First District reversed the trial court’s order, holding that the trial court erred in permitting relocation two years from the date of the hearing. Id. at 296. Noting its decision in Janousek, the district court found that “the proper cause of action is to determine whether relocation is presently appropriate and consider future relocation based on the circumstances existing at that time.” Id. at 298. The district court recognized its disagreement with the Second District’s decision in Arthur, to the extent that Arthur allowed a trial court “to look into its crystal ball and determine whether relocation would be in the best interest in the future.” Id. The court further noted that “[i]t is difficult enough to determine the present emotional and psychological needs of a child; it is impossible to speculate what those needs will be in two years.” Id. at 297.
Relying on the above case law, the Husband alleges two errors with the trial court’s judgment. First, he argues that because there was no evidence presented to the trial court as to the child’s best interests twenty months after the final hearing, the trial court acted beyond its authority in making a prospective finding of the minor child’s best interests. In support of this argument, he claims that the trial court should have determined the child’s best interests as of the time of the final hearing, not the child’s best interests twenty months later. He alleges that the trial court’s conclusion was inconsistent with its determination that such relocation could not occur until twenty months after the final hearing and its findings concerning the impact of relocation on the child’s *459 ability to bond with the Husband. Second, the Husband asserts that the trial court’s grant of relocation based upon a prospective finding of best interests impermissibly shifts the burden of proof to him in a future attempt to prevent relocation.
Upon review of the Husband’s arguments and the well-reasoned analyses in the First District’s opinions in Martinez, Janousek, and Sylvester, we conclude that a best interests determination in petitions for relocation must be made at the time of the final hearing and must be supported by competent, substantial evidence. In this case, the trial court authorized the relocation based in part on its conclusion that relocation would be in the best interests of the child twenty months from the date of the hearing. Such a “prospective-based” analysis is unsound. Indeed, a trial court is not equipped with a “crystal ball” that enables it to prophetically determine whether future relocation is in the best interests of a child. Any one of the various factors outlined in section 61.13001(7) that the trial court is required to consider, such as the financial stability of a parent or the suitability of the new location for the child, could change within the extended time period given by the court before relocation. Because trial courts are unable to predict whether a change in any of the statutory factors will occur, the proper review of a petition for relocation entails a best interests determination at the time of the final hearing, i.e. a “present-based” analysis.[1]
Although the trial court in this case did not utilize this “present-based” analysis, we conclude that if it had done so, the court would have denied the relocation request. Our reading of the order indicates that the court did not agree that a relocation at the time of the hearing was in the best interests of the child. We find the most telling phrase of the order to be the court’s statement that “[b]ut for the Court’s concern for the Husband’s ability to bond with his son, the Wife’s relocation would have been granted without further delay.” In its consideration of subsection (b) of section 61.13001(7), the court found that “[r]equiring the Wife to wait until the child turns three (3) years old allows the Husband and child the time necessary to form a lasting bond with each other.” Thus, although the court may have favored relocation once the child reached three years of age, it is clear that the court found that relocation was not in the best interests of the child at the time of the hearing. Therefore, the petition for relocation should have been denied.
Based on our determination that the trial court’s prospective best interest determination was erroneous, we conclude that it is unnecessary to address the Husband’s claim of trial court error. Thus, we make no decision as to whether trial court’s grant of relocation in this case improperly shifted the burden of proof to the Husband in a future attempt to prevent relocation.
*460 CONCLUSION
Based on the above analysis, we quash the Second District’s decision in Arthur to the extent it is inconsistent with this opinion, and approve the decisions of the First District in Martinez, Janousek, and Sylvester to the extent they are consistent with the foregoing opinion. We vacate the provision in the final judgment of dissolution permitting the Wife to relocate after twenty months and remand this case to the Second District with directions to remand to the trial court to deny the Wife’s request for relocation.[2]
As to the Wife’s motion for appellate attorneys’ fees, we direct the district court to remand the issue to the trial court for a determination on the motion. If the Wife establishes her entitlement pursuant to section 61.16, Florida Statutes (2006), and Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the trial court is authorized to award her all or a portion of the reasonable appellate attorneys’ fees incurred for representation before this Court. We deny without prejudice the Wife’s motion for appellate court costs, as this motion should be filed with the appropriate trial court pursuant to Florida Rule of Appellate Procedure 9.400(a).
It is so ordered.
PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.

. Our holding is in agreement with the holding in Janousek, which the Husband relied on for his argument that the trial court must make a final determination at the time of the hearing. The Second District attempted to distinguish Janousek on the basis that the trial court's findings in the instant case favored relocation by the Wife whereas the court in Janousek prohibited the move. However, we believe this to be an incorrect characterization of the facts in Janousek. The trial court’s order, although restricting the distance of the relocation, allowed the wife to relocate after a five-year period. See Janousek, 616 So.2d at 132 n. 1 ("During oral argument, counsel for the parties agreed that [the final judgment] permitted the wife to relocate the children at the end of the five-year period based on the fact that she was named the primary residential parent.”). Similarly, the trial court in the instant case permitted relocation no earlier than twenty months after the hearing.

. Our decision here does not prohibit the Wife from filing a petition for relocation in tire future.