CRENSHAW, Judge.
 

 Christina Tillotson, the Former Wife, appeals the trial court’s order denying her request to relocate with the parties’ children and temporarily granting Robert Til-lotson, the Former Husband’s, request for the same. We reverse the trial court’s order as it applies to the parties’ son, Dustin Tillotson, because Dustin Tillotson was no longer a minor child at the time of the relocation hearing. We affirm the trial court’s order on all other grounds because the record before this court is inadequate to demonstrate reversible error.
 

 In 1997, the trial court entered a final judgment of dissolution of marriage providing the parties with shared parental responsibility of their two children, Dustin Tillotson, born July 2,1991, and B.T., born August 3, 1995. In November 2008 and March 2009 both parties filed a “notice of intent to relocate with children” pursuant to section 61.13001(3), Florida Statutes (2008), and the matter was heard August 24, 2009. Following the hearing, the trial court denied the Former Wife’s request to relocate the parties’ children to Illinois and temporarily granted the Former Husband’s request to relocate the children to North Carolina. This appeal follows.
 

 A trial court’s order regarding relocation is reviewed on appeal under an abuse of discretion standard.
 
 Muller v. Muller,
 
 964 So.2d 732, 733 (Fla. 3d DCA 2007) (citing
 
 Botterbusch v. Botterbusch,
 
 851 So.2d 903, 904 (Fla. 4th DCA 2003)). However, this court is unable to determine whether the order is supported by substantial competent evidence because the record before us does not contain a transcript from the relocation hearing, which was held without the presence of a court reporter.
 
 See Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150, 1152 (Fla.
 
 *192
 
 1979). Therefore, the order must be upheld to the extent that it is not erroneous as a matter of law.
 
 See Hoirup v. Hoirup,
 
 862 So.2d 780, 782 (Fla. 2d DCA 2003) (“[W]here a trial transcript or proper substitute does not appear in the record on appeal, the trial court’s order must be upheld unless the order is fundamentally erroneous on its face.”).
 

 We find that the trial court erred as a matter of law in entering the order of relocation as to the parties’ son, Dustin Tillotson, who was no longer a minor child at the time of the hearing. Section 61.13001(l)(b) defines “child” as “any person who is under the jurisdiction of a state court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act or is the subject of any order granting to a parent or other person any right to time-sharing, residential care, kinship, or custody, as provided under state law.” The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) defines “child” as “an individual who has not attained 18 years of age.” § 61.503(2). Because Dustin Tillotson was eighteen years old at the time of the hearing, he no longer qualified as a child under the UCCJEA and was not subject to relocation under section 61.13001. Therefore, we find the court erred as a matter of law in granting the Former Husband’s request to relocate as it applies to Dustin Tillotson.
 

 Accordingly, we reverse the order temporarily granting the Former Husband’s request to relocate as it applies to Dustin Tillotson, and we affirm on all other grounds.
 

 Reversed in part; affirmed in part.
 

 CASANUEVA, C.J., and KELLY, J„ Concur.