SILBERMAN, Chief Judge.
In this postdissolution proceeding, Guill-aume Alinat (the Former Husband) appeals a nonfinal order that permits Caitlin Curtis (the Former Wife) to temporarily relocate with the parties’ two children to Australia for a period of three years. The Former Husband raises five issues on appeal, and we affirm on all but one. Because the trial court entered a “temporary” order of three years’ duration, we reverse on that issue and remand for a final hearing.
The parties’ marriage was dissolved in October 2010. About one year later, the Former Wife filed her supplemental petition for relocation and a motion for temporary order granting relocation of the parties’ eight-year-old son and four-year-old daughter. The request to relocate arose because the Former Wife was laid off from her job with the Florida Fish and Wildlife Conservation Commission due to budget reductions. The Former Wife alleged that her professional opportunities were limited because she is in a specialized field of biology, evolutionary genetics. She alleged that she had been diligently seeking employment in Florida and in the United States and had been unable to secure a position. She accepted a position in her field at Griffith University in Australia for a three-year term.
The Former Wife alleged that the Former Husband’s schedule would permit him to travel to Australia because he “has a growing reputation as a high profile chef complete with international travel and books [sic] tours.” The Former Husband filed an objection to the relocation, contending that it would severely harm his relationship with the children. He further alleged that neither party had the financial resources to afford travel to and from Australia that would be sufficient for him to foster a continuing meaningful relationship with his children.
The trial court conducted a hearing on the motion for temporary order granting relocation, but no court reporter was present; thus, our record contains no transcript of the hearing. The court entered an order on November 20, 2011, granting temporary relocation. The order states that it shall be in effect for thirty-six months and that a permanent hearing would be held at the end of the thirty-six months. The court ordered that before the expiration of the thirty-six months “the Mother must make a good faith effort to find employment in the United States, preferably Florida.” The court reserved jurisdiction over the parties and .the subject matter regarding enforcement or modification of the order. The Former Husband timely appealed the order.
The Former Husband contends that the temporary order of three years’ duration *554 was erroneous as a matter of law and that the error was apparent on the face of the order. See Tillotson v. Tillotson, 32 So.3d 191, 191-92 (Fla. 2d DCA 2010) (determining that when there is no transcript of the relocation hearing so that the appellate court is unable to determine if competent, substantial evidence supports the trial court’s findings, the order must be upheld unless it is erroneous as a matter of law). We agree with the Former Husband that section 61.13001, Florida Statutes (2011), does not contemplate a “temporary” relocation order of three years’ duration with the resulting substantial delay in holding a final hearing and rendering a final order. We note that the Former Wife did not seek a deferral of the final hearing on relocation in her motion for temporary order granting relocation. Rather, in seeking the temporary order the Former Wife asserted that she could not wait for the final hearing because it would be in the children’s best interest to move to Brisbane, Australia, during their winter break from school before the Former Wife began her new job in January.
Section 61.13001(6)(b) allows a trial court to grant a temporary relocation order “pending final hearing.” To grant a temporary relocation the trial court must find
[f]rom an examination of the evidence presented at the preliminary hearing, that there is a likelihood that on final hearing the court will approve the relocation of the child, which findings must be supported by the same factual basis as would be necessary to support approving the relocation in a final judgment.
§ 61.13001(6)(b)(2) (emphasis added). The statute provides for priority scheduling for a hearing or trial and requires a hearing on a motion for temporary relocation to occur, absent good cause, no later than thirty days after the motion is filed. § 61.13001(10). “If a notice to set the matter for a nonjury trial is filed, absent good cause, the nonjury trial must occur no later than 90 days after the notice is filed.” Id.
In fact, the Former Wife recognizes that the temporary order of three years’ duration is “intriguing” and states that if the Former Husband files a notice to set the matter for nonjury trial and is denied that statutory right to a final hearing, the Former Wife would concede error. However, the order states that it “shall be in effect for a period of 36 months, the life of the Mother’s employment contract” and that “[a] permanent hearing will be held at the expiration of the 36-month period.”
The trial court erred as a matter of law in requiring the temporary order to stay in effect for three years when section 61.13001 provides that temporary orders are preliminary short-term orders and that final hearing occur within ninety days of a notice of nonjury trial. See § 61.13001(6)(b), (10). The parties have found no case with a similar long-term temporary order, but analogous cases show that the trial court must make a timely, final determination based on the present facts.
In Arthur v. Arthur, 54 So.3d 454, 455 (Fla.2010), the Florida Supreme Court addressed section 61.13001 in a situation where the trial court had delayed permanent relocation of a sixteen-month-old child until the child turned three years old. There, the supreme court determined that “the trial court’s prospective best interest determination was erroneous.” Id. at 459. The court explained as follows:
[W]e conclude that a best interests determination in petitions for relocation must be made at the time of the final hearing and must be supported by competent, substantial evidence. In this case, the trial court authorized the relocation based in part on its conclusion *555 that relocation would be in the best interests of the child twenty months from the date of the hearing. Such a “prospective-based” analysis is unsound. Indeed, a trial court is not equipped with a “crystal ball” that enables it to prophetically determine whether further relocation is in the best interests of a child.... Because trial courts are unable to predict whether a change in any of the statutory factors will occur, the proper review of a petition for relocation entails a best interests determination at the time of the final hearing, i.e. a “present-based” analysis.
Id. The court recognized that its holding was in agreement with the proposition “that the trial court must make a final determination at the time of the hearing.” Id. at 459 n. 1. Here, the trial court improperly delayed a final determination for three years. See also Gergen v. Gergen, 48 So.3d 148, 150 (Fla. 1st DCA 2010) (“The issue of permanent periodic alimony was ripe for determination and thus the' circuit court was obligated to rule on the matter without reserving jurisdiction and deferring decision for a future date.”); Martinez v. Martinez, 573 So.2d 37, 40-41 (Fla. 1st DCA 1990) (determining that on final hearing for child custody the trial court abused its discretion in naming the father the “interim primary residential parent” and deferring the final decision for two years to see how the parties’ situations and conduct developed).
Therefore, we reverse the temporary order as to this issue and remand the case to the trial court. We direct that upon a party filing a notice of nonjury trial, the trial court shall conduct a final hearing as soon as possible and within ninety days.[1]
The Former Husband also challenges the sufficiency of the timesharing schedule, the allocation of timesharing costs, and the adjustment of child support. In light of the trial court’s findings, the absence of a transcript, and our reversal on the temporary three-year order, we do not reverse on these issues. We cannot tell from our limited record what the cost of travel would be, but it seems likely that travel to and from Australia would have a significant effect on the parties’ finances. In making a determination on final hearing, the court must consider whether the travel is feasible based on the parties’ resources. See § 61.13001(7)(c) (requiring the trial court to evaluate the financial circumstances when considering the substitute arrangements). - If the trial court determines that the travel is feasible and allows relocation, the trial court’s final order must include a timesharing schedule. See Zepeda v. Zepeda, 32 So.3d 679, 681 (Fla. 2d DCA 2010). If permanent relocation is allowed, the final order also must allocate the transportation costs and “may adjust the child support award, as appropriate, considering the costs of transportation and the respective net incomes of the parents in accordance with the state child support guidelines schedule.” See § 61.13001(9)(b).
In summary, based on the trial court’s entry of a three-year “temporary” order of relocation, we reverse that order and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and WALLACE, JJ., Concur.

. Nothing in this opinion should be construed as requiring a change in the status quo pending a final hearing.