# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1615
_____

ELISIA D. PREUDHOMME, Former
Wife,

     Appellant,

     v.

KENNETH PREUDHOMME, Former
Husband,

     Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

May 3, 2018


B.L. THOMAS, C.J.

Appellant raises two issues challenging the lower court's timesharing determination in the final order of dissolution of marriage. We reject Appellant's argument that the trial court erred in its custody determination under section 61.13, Florida Statutes, because the court's findings were supported by competent, substantial evidence. *See Miller v. Miller*, 842 So. 2d 168, 169 (Fla. 1st DCA 2003) (noting that a trial court has broad discretion in child custody matters, and the appellate court must affirm if competent, substantial evidence supports the court's findings, even if there is conflicting evidence). But we agree with Appellant's argument that the lower court engaged in a prohibited prospective-based analysis when it set a timesharing

plan with respect to the parties' child.

Appellant lives in Pensacola, and Appellee lives in Mobile, Alabama. While the dissolution was pending, the parties met halfway between the two cities on a weekly basis to allow each party to have custody of the child. Thus, the child attended two preschools, one in each city.

At the final hearing, Appellant requested that the court award her majority timesharing, with alternating weekends and holidays for Appellee and weekly rotating timesharing during the summer. Appellee requested that the court order the parties to continue the weekly rotating timesharing, until the child entered kindergarten approximately twenty months later, and then award majority timesharing to him during the school year with Appellant to receive alternating weekends, holidays, and the majority of the summer. The court adopted Appellee's plan in full.

Appellant argues that the court engaged in a prohibited prospective-based analysis when it made its timesharing plan. She relies on *Arthur v. Arthur*, 54 So. 3d 454 (Fla. 2010), and *J.P. v. D.P.*, 196 So. 3d 1274 (Fla. 1st DCA 2016), for the proposition that a court is prohibited from determining what the best interests of a child will be in the future. In *Arthur*, the supreme court addressed whether a court could determine if a future relocation would be in a child's best interests. 54 So. 3d at 458-59. The court concluded that a petition for relocation must be determined based on the present best interests of the child, because "a trial court is not equipped with a 'crystal ball' that enables it to prophetically determine" whether any changes would occur in the parties' lives in the interim. *Id.* at 459; *see also Horn v. Horn*, 225 So. 3d 292, 292 (Fla. 1st DCA 2017) (reversing a determination that future relocation would be in the child's best interests).

In *J.P.*, this Court disapproved the use of a prospective-based analysis, where the trial court found that it was in the first-grade child's best interest to be with the father during the school year, but then ruled that the child should move over 300 miles away five years later to live with the mother. 196 So. 3d at 1275-78.

2

This Court reversed for several reasons, including the reason that under *Arthur*, the trial court lacked the ability to determine whether it would be in the child's best interest to relocate five years in the future. *Id.* at 1277.

Here, in ruling that it was in the best interest of the child for the parties to continue to rotate weekly timesharing until the child entered kindergarten, when it would be in the child's best interest to begin majority timesharing with Appellee, the court engaged in the type of prospective-based analysis prohibited under *Arthur* and *J.P.* On remand, the trial court must delete the portion of its order addressing timesharing and custody matters related to future events.

AFFIRMED in part, REVERSED in part, and REMANDED.

WETHERELL and WINSOR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Stephen A. Pitre of Clark Partington, Pensacola, for Appellant.

Jill W. Warren, Pensacola, for Appellee.