DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH RYAN CASTLEMAN,**
Appellant,

v.

**JEANN SAGA BICALDO,**
Appellee.

No. 4D17-827

[June 6, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312016DR000262.

Eduardo J. Mejias of AAA Family Law, LLC, Altamonte Springs, for appellant.

Michael L. Cohen of Michael L. Cohen Law, West Palm Beach, for appellee.

FORST, J.

Appellant Joseph Castleman ("Husband") raises multiple issues on appeal from the final judgment of dissolution of marriage between the parties. Unless otherwise addressed in this opinion, we affirm without comment. We find fundamental error requiring reversal and remand with respect to the trial court's (1) finding the relocation statute inapplicable to appellee Jeann Bicaldo ("Wife") in the event she is deported; (2) making a future-based projection of the parties' minor child's best interests by granting Wife permission to take their daughter with her if she is in fact deported; and (3) awarding Wife durational alimony for a period longer than the length of the marriage.

**Background**

Wife immigrated to the United States from the Philippines to marry Husband. Because of the marriage, she obtained conditional permanent resident status (a Green Card). But, twenty-six months after the marriage, Husband filed for dissolution. At one point, the parties stipulated to

staying the case for up to six months while they attempted to reconcile. Husband, however, moved to resume the action two months later. Ultimately, the trial court entered a final judgment of dissolution, and in it awarded Wife durational alimony of $2000 a month for three years.

The trial court also ruled in its final judgment that in the event Wife's application for citizenship is denied, she would be permitted to take the child with her to the Philippines. In making its ruling, the trial court did not comply with the dictates of section 61.13001, Florida Statutes (2017). It reasoned the section did not apply to persons forced to relocate due to deportation.

**Analysis**

Husband failed to file the trial transcript, thus we review for fundamental error apparent on the face of the judgment. *See P.S. v. Dep't of Children & Families*, 68 So. 3d 421, 421 (Fla. 4th DCA 2011).

*A. Parental Relocation with a Child*

The trial court committed fundamental error when it found that section 61.13001 (titled "Parental relocation with a child") "applies only to persons wishing to relocate voluntarily, not those who are forced to do so by the government following a change in their marital status."

Subsection (7) of the statute states that "[a] presumption in favor of or against a request to relocate with the child *does not arise* if a parent or other person seeks to relocate and the move will materially affect the current schedule of contact, access, and time-sharing with the nonrelocating parent or other person." § 61.13001(7), Fla. Stat. (emphasis added). This subsection sets forth ten specific criteria "the court shall evaluate" with respect to child custody arrangements in the face of "a proposed temporary or permanent relocation," as well as a catch-all "[a]ny other factor affecting the best interest of the child or as set forth in s. 61.13." *Id.* Section 61.13, Florida Statutes (2017), deals with child support, parenting plans and time-sharing schedules.

There is no language in either section 61.13001 or section 61.13 granting a presumption in favor of a request to relocate with the child merely because the parent's relocation was involuntary, let alone language suggesting the sections are inapplicable. Although Wife may have little choice with respect to her relocation due to a deportation order, this does not lead to the conclusion that she is entitled, without an inquiry pursuant to section 61.13001, to relocate *with the child*.

2

In addition to the trial court's fundamental error of making a distinction between voluntary and involuntary parental relocation that is not supported by the plain language of the statute, the court further fundamentally erred in making a prospective-based finding that it was in the child's best interests to move to the Philippines on some future, uncertain date.

In *Arthur v. Arthur*, 54 So. 3d 454 (Fla. 2010), our supreme court reviewed the trial court's authorization of a permanent relocation proposed to occur twenty months from the date of the hearing. *Id.* at 459. The court determined:

> Such a "prospective-based" analysis is unsound. Indeed, a trial court is not equipped with a "crystal ball" that enables it to prophetically determine whether future relocation is in the best interests of a child. Any one of the various factors outlined in section 61.13001(7) that the trial court is required to consider, such as the financial stability of a parent or the suitability of the new location for the child, could change within the extended time period given by the court before relocation. Because trial courts are unable to predict whether a change in any of the statutory factors will occur, the proper review of a petition for relocation entails a best interests determination *at the time of the final hearing,* i.e. a "present-based" analysis.

*Id.*

The trial court's "'prospective-based' analysis" in the instant case is similarly unsound. Any number of circumstances could change in the twelve to eighteen months it might take to process Wife's application and deport her.[1]

### B. The Award of Durational Alimony

The trial court also fundamentally erred when it awarded three years of durational alimony to Wife. Section 61.08(7), Florida Statutes (2017), states that an award of durational alimony "may not exceed the length of the marriage," which is "the period of time from the date of marriage to the date of filing of an action for dissolution of marriage." § 61.08(4), Fla. Stat.

---

[1] As of the date of this opinion, this court has not received notice that deportation proceedings against Wife have commenced.

As noted above, Husband filed the petition for dissolution twenty-six months from the date of marriage. Thus, the trial court's finding that "[t]he duration of the marriage is just over three years," is not accurate. The statute provides no support for extending the calculation of "the length of the marriage" due to the parties' attempts to reconcile. Durational alimony could be awarded for a period of no more than twenty-six months—the period from the date of marriage to the filing of the dissolution action.

## Conclusion

We reverse the portion of the trial court's judgment addressing "parental relocation with a child." However, we do so without prejudice to the trial court's ability to modify the judgment in response to an impending involuntary relocation of Wife. For example, if Wife learns that her application for citizenship has been denied and has good cause to believe that her involuntary relocation from the United States is imminent, she can file a petition to relocate with her daughter pursuant to section 61.13001(3).

As to the award of durational alimony, we reverse and remand with the instruction to reduce the period during which Wife may receive this type of alimony to no more than twenty-six months. However, on remand, the trial court may reconfigure the alimony award. "[A]limony may be bridge-the-gap, rehabilitative, durational, or permanent in nature *or any combination* of these forms of alimony." § 61.08(1), Fla. Stat. (emphasis added).

*Affirmed in part, Reversed and Remanded in part.*

LEVINE and CONNER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***