# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-843
_____

MEGGAN ELIZABETH MILLER,

    Appellant,

    v.

MATTHEW LEE MILLER,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

July 16, 2019

PER CURIAM.

The mother appeals a temporary order granting the father's petition to relocate with minor children, arguing that relocation was not supported by competent, substantial evidence. We reverse and remand.

A trial court may grant a temporary order permitting the relocation of minor children if, based on the evidence from a preliminary hearing, there is a likelihood that the court will approve the relocation at a final hearing. § 61.13001(6)(b), Fla. Stat. (2019). When making its relocation determination, a trial court must consider statutory factors listed in sections 61.13(3) and 61.13001(7), Florida Statutes. This determination must be supported by competent, substantial evidence. *Miller v. Miller*, 842

So. 2d 168, 169 (Fla. 1st DCA 2003). Therefore, a determination that all statutory factors are neutral must be supported by the evidence presented at the preliminary hearing. *See Parris v. Butler*, 264 So. 3d 1089, 1093 (Fla. 2d DCA 2019) (holding that the trial court's failure to explain why every statutory factor was neutral suggested the trial court did not truly consider all relevant evidence). Given it is unclear how statutory factors may change in the future, prospective-based analysis of a child's best interest is unsound. *Arthur v. Arthur*, 54 So. 3d 454, 459 (Fla. 2010). We agree with the mother that the trial court's determination of blanket neutrality regarding the statutory factors was not supported by competent, substantial evidence, as the trial court did not articulate how it reached its conclusions of neutrality. Moreover, the trial court granted the temporary order despite the uncertainty of the father's chief exam status, which the trial court acknowledged was a factor that needed to be resolved prior to relocation. This led to an unsound, prospective-based analysis. We reverse the temporary order granting the father's petition to relocate the minor children and remand for a determination supported by competent, substantial evidence, including the father's chief exam status.

REVERSED and REMANDED.

LEWIS and MAKAR, JJ., concur; BILBREY, JJ., concurs with written opinion.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————

BILBREY, J., concurring.

I join in the majority opinion and write only to restate the concerns I expressed in *Horton v. Horton*, 257 So 3d 1197 (Fla. 1st DCA 2018) (Bilbrey, J., concurring). The current state of the law is that the best interest of the child determination cannot be a prospective-based analysis. *See, e.g., Arthur v. Arthur*, 54 So. 3d

454 (Fla. 2010); *Preudhomme v. Preudhomme*, 245 So. 3d 989 (Fla. 1st DCA 2018); *Horn v. Horn*, 225 So. 3d 292 (Fla. 1st DCA 2017).

As I stated in *Horton*, many of the determinations trial judges must make in a family law case are prospective, and trial judges should be permitted to make "reasonable, limited, prospective modifications" when considering the best interest of the child. *Id.* at 1202. But under the current state of the law, I am compelled to agree with the majority that reversal is required.

––––––––––––––––––––––––––––

E. Jane Brehany of E. Jane Brehany, P.A., Pensacola, for Appellant.

Ross A. Keene of Ross Keene Law, P.A., and Justin T. Holman of The Holman Law Firm, Pensacola, for Appellee.

3