DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOMENIQUE WILSON,**
Appellant,

v.

**RASHALDO MARTIN,**
Appellee.

No. 4D2024-3155

[November 12, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sara Alijewicz, Judge; L.T. Case No. 502021DR001254.

Scott E. Siverson of the Siverson Law Firm PLLC, Winter Garden, for appellant.

No appearance for appellee.

KLINGENSMITH, J.

Appellant Domenique Wilson ("Mother") appeals the final judgment of paternity and order denying her motion for rehearing. Although she raises four arguments on appeal, we find only two have merit. First, the trial court erred by including a prospective relocation time-sharing default provision in the final judgment of paternity. Second, the trial court erred by allowing the father to pick up the children at their school, where the mother worked, in violation of a pre-existing final judgment of injunction. On both of these arguments, we reverse. We affirm on all other issues without comment.

Prior to the underlying proceedings, the trial court granted a final judgment of injunction for protection against domestic violence with minor children (after notice) against Appellee Rashaldo Martin ("Father"). The final judgment of injunction stated in pertinent part:

> [Father] shall not to go to, in or within 500 feet of: [Mother's] current residence . . . or any residence to which [Mother] may move; [Mother's] current or any subsequent place of employment . . . or place where [Mother] attends school; or the

following other places (if requested by [Mother]) where [Mother] or [Mother's] minor child(ren) go often:

[Father] may not knowingly come within 100 feet of [Mother's] automobile at any time.

Subsequently, Father petitioned to establish paternity, parental responsibility, and a parenting plan/time-sharing schedule. Father requested that the trial court adopt or establish a parenting plan consistent with his request for equal time-sharing between the parents. While his petition was pending, Father moved for the trial court to determine a temporary time-sharing schedule considering the no-contact order as to Mother.

Mother filed an answer and counterpetition, noting that the parties' minor children resided with her pursuant to the modification of the final judgment of injunction, which awarded her sole decision-making and 100 percent of time-sharing until further court order. Mother also petitioned to permanently relocate to Duval County, including a request to temporarily relocate.

The trial court entered an order setting a non-jury trial on Father's paternity petition and Mother's counterpetition for relocation. However, the order did not indicate that any modification of the final judgment of injunction would be addressed at the final hearing.

After the non-jury trial, the trial court entered a final judgment of paternity, adopting and ratifying the parties' agreed parenting plan and establishing child support. The final judgment awarded Father the right to attend "any and all extracurricular activities" of the children and ordered him to maintain a minimum distance of 100 feet from Mother and to not "willfully make direct contact with Mother." The trial court also designated Father as an authorized pick-up person at the children's school, where Mother was employed as a full-time teacher. Additionally, the trial court noted that while it had approved Mother's relocation, that approval might be subject to reversal in the future dependent upon Mother's noncompliance with the time-sharing agreement.

Mother then timely filed a motion for rehearing, raising four issues: 1) changes made in Father's favor in the final judgment of injunction; 2) reconsideration of the child support calculations and dependency exemptions; 3) reconsideration of the ultimate decision-making regarding medical decisions; and 4) a prospective relocation time-sharing default

against Mother. The motion for rehearing was denied, and this appeal follows.

On the first issue, Mother argues the trial court's final order is unenforceable as a matter of law because it includes "conditions which automatically trigger an alteration of time-sharing and even a relocation based on possible future events." We agree. "A trial court has broad discretion in timesharing matters and its decision is reviewed for an abuse of that discretion." *Tucker v. Tucker*, 375 So. 3d 323, 325 (Fla. 5th DCA 2023) (citing *Schwieterman v. Schwieterman*, 114 So. 3d 984, 987 (Fla. 5th DCA 2012)). "The timesharing plan will be affirmed if there is competent, substantial evidence to support the decision and reasonable people could differ with respect to the trial court's decision." *Id.* (citing *Schwieterman*, 114 So. 3d at 987).

Section 61.13001(7), Florida Statutes (2024), provides that "[a] presumption in favor of or against a request to relocate with the child does not arise if a parent or other person seeks to relocate and the move will materially affect the current schedule of contact, access, and time-sharing with the nonrelocating parent or other person." In reaching its decision regarding a proposed temporary or permeant relocation, the trial court must evaluate a list of factors. *See* § 61.13001(7)(a)-(k), Fla. Stat. (2024).

In *Arthur v. Arthur*, 54 So. 3d 454 (Fla. 2010), the Florida Supreme Court held that time-sharing and relocation decisions must be based on the child's best interests as they exist at the time of the final hearing, rather than on predictions about future circumstances. *Id.* at 459. This approach acknowledges that trial courts are not equipped with a "crystal ball" to predict whether future events, like relocation, will be in the child's best interests. *Id.* Because courts cannot know whether any of the statutory factors under section 61.13001(7) will occur in the future, a relocation petition must be evaluated based on present circumstances. *Id.*

Here, the final judgment granted Mother's petition for permanent relocation, allowing Mother and the children to reside in Duval County, while Father resides in Palm Beach County. However, the judgment's relocation provision has a compliance provision, which states:

> [I]f the Mother willfully and repeatedly interrupts the Father's timesharing, i.e., failure to exchange at the designated location, significant late drop offs (more than one hour), unilaterally reschedule the exchange dates/time, or deny telephonic visits, for foreseeable and/or avoidable reasons, the Mother and children will be required to relocate to Palm

Beach County, FL and the parties will exercise a 50/50 timesharing schedule. If the Mother cannot, or does not wish to, relocate back to Palm Beach County, FL, then the children shall relocate to live primarily with the Father in Palm Beach County and the parents' timesharing shall be swapped.

The provision referenced above violates Florida law because it imposes an automatic, prospective, and punitive modification based solely on contingent, speculative events. *See Natali v. Natali*, 313 So. 3d 958, 959 (Fla. 2d DCA 2021). As the only triggering condition is the possibility of Mother's future noncompliance, the condition is not "reasonably and objectively certain to occur at an identifiable time in the future," thus violating *Arthur*. *See Natali*, 313 So. 3d at 960 ("[W]e reverse the portion of the parenting plan that prospectively allows the [f]ather to automatically graduate to unsupervised timesharing upon the satisfaction of predetermined conditions.").

Accordingly, we reverse and remand for the trial court to strike the portion of the final judgment that prospectively mandates Mother and the children to automatically relocate upon Mother's possible noncompliance with the time-sharing plan.

On the second issue, Mother argues the portion of the final judgment allowing Father to pick up the children after school and to be within 100 feet of Mother is improper because Father filed no pleading requesting such modification of the final judgment of injunction. Additionally, the adopted parenting plan limited exchanges to a police station equidistant between the parties' homes.

Florida courts have consistently held a trial court violates due process and commits reversible error when it grants a party relief that the party did not request. *Booth v. Hicks*, 301 So. 3d 369, 371 (Fla. 2d DCA 2020) ("[W]e have found reversible error in final judgments in which the trial court awarded shared responsibility to a father who did not request a change in parental responsibility . . . .").

The final judgment of injunction ordered Father not to go within 500 feet of Mother. However, in the final judgment of paternity, the trial court awarded Father the right to attend "any and all extracurricular activities" of the children and ordered him to maintain a minimum distance of 100 feet from Mother and to not "willfully make direct contact with Mother." The trial court also designated Father as an authorized pick-up person at the children's school despite Mother's employment as a full-time teacher there.

4

Father did not properly plead a request to modify the injunction to allow him to pick up the children at their school or to modify the 500-foot barrier as previously ordered. *See Merlihan v. Skinner*, 382 So. 3d 735, 738 (Fla. 4th DCA 2024) (trial court erred by including a provision which the statute did not require, and the parents did not request). In fact, Mother explicitly requested the final judgment of injunction protections stay in place. Thus, the trial court did not have authority to modify the injunction. *Flemming v. Flemming*, 742 So. 2d 843, 844 (Fla. 1st DCA 1999). We therefore reverse and remand this portion of the trial court's order to the extent it is inconsistent with the injunction previously entered.

*Affirmed in part, reversed in part and remanded.*

KUNTZ, C.J., and MAY, J., concur.

\*　　\*　　\*

**Not final until disposition of timely-filed motion for rehearing.**

5