IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KATHLEEN LYNN HORN,
former wife,

Appellant,

v.

MARK GORDON HORN,
former husband,

Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO.:  1D16-1619

Opinion filed January 17, 2017.

An appeal from the Circuit Court for Duval County.
Tyrie W. Boyer, Judge.

Corrine A. Bylund, Jacksonville, for Appellant.

William S. Graessle and Jonathan W. Graessle of William S. Graessle, P.A.,
Jacksonville, for Appellee.

BILBREY, J.

The Appellant/former wife raises five points in this appeal.  We find no
reversible error with the final judgment other than paragraph N.  That paragraph
makes findings about the prospective benefit of relocation should the

Appellee/former husband relocate with the child, A.H., from San Antonio, Texas, to any other location in the continental United States, including to the paternal grandmother's residence in Virginia. It also permits relocation by the former husband without approval from the former wife or trial court.

As the Florida Supreme Court held in Arthur v. Arthur, 54 So. 3d 454, 459 (Fla. 2010), "a best interests determination in petitions for relocation must be made at the time of the final hearing and must be supported by competent, substantial evidence." See also Sylvester v. Sylvester, 992 So. 2d 296 (Fla. 1st DCA 2008). Since paragraph N of the final judgment would allow the former husband to relocate without meeting the requirements of section 61.13001, Florida Statutes, and since it finds that relocation is A.H.'s best interest without the need for then-current, competent, substantial evidence to support it, it is error.

Accordingly, we affirm all of the final judgment except paragraph N. We reverse with instructions that the trial court vacate paragraph N of the final judgment.

AFFIRMED in part, REVERSED in part with instructions.

ROBERTS, C.J., and WINSOR, J., CONCUR.