KELLY, Judge.
 

 Mark T. Coyle, the former husband, appeals a final judgment of dissolution of marriage. He challenges the provision in the final judgment that allows his former wife, Lorraine D. Coyle, to relocate from Florida to New York with their child. We agree with the former husband that the trial court erred in evaluating the former wife’s request to relocate, and accordingly, we reverse.
 

 
 *1272
 
 Approximately one year after the parties were married, the former husband filed a petition for dissolution of marriage. Both the former husband and the former wife sought primary residential custody of their two-year-old child with the former wife requesting that she be allowed to relocate to New York. In the final judgment, the trial court awarded primary residential custody to the former wife and granted her request to relocate. The final judgment rejected the former wife’s proposed visitation schedule finding that it would “involve a significant drain” on the parents’ limited financial resources and would have a “disorienting effect” on the child. The court did not fashion its own plan for visitation but, instead, scheduled a subsequent hearing to develop a “more practical” visitation plan. After that hearing, the court entered an order delineating the terms under which the former husband would have visitation.
 

 On appeal, the former husband seeks reversal of the final judgment on the ground that the trial court reached its decision on the former wife’s request to relocate without properly evaluating all the factors set forth in section 61.13001(7), Florida Statutes (2007). Section 61.13001(7) sets forth a lengthy list of factors a trial court must evaluate in reaching a decision regarding a proposed temporary or permanent relocation. Pertinent to this case, section 61.13001(7)(c) states that the court must consider:
 

 The feasibility of preserving the relationship between the nonrelocating parent or other person and the child through substitute arrangements that take into consideration the logistics of contact, access, visitation, and time-sharing, as well as the financial circumstances of the parties; whether those factors are sufficient to foster a continuing meaningful relationship between the child and the nonrelocating parent or other person; and the likelihood of compliance with the substitute arrangements by the relocating parent once he or she is out of the jurisdiction of the court.
 

 When the trial court granted the former wife’s request to relocate, no substitute visitation arrangements were in place. Accordingly, the trial court could not have properly evaluated whether the substitute arrangements would be sufficient to foster a continuing meaningful relationship between the former husband and the parties’ child. Because that evaluation is required before deciding whether to permit relocation, we agree with the former husband that the provision of the final judgment granting relocation must be reversed.
 

 We also agree with the former husband that the trial court appears to have applied an incorrect legal standard in evaluating the former wife’s request to relocate. Under section 61.13001(7), there is no presumption in favor of or against relocation. The burden of proof is on the parent seeking to relocate to prove by a preponderance of the evidence that relocation is in the best interest of the child. § 61.13001(8). Here, the court stated:
 

 Relocation to New York, of course, will diminish significantly the role Adrian-na’s father will be able to play in her life. The father has been a positive, loving presence and it would be a loss to Adrianna to miss this on a daily basis. However, since the Court has determined the mother to be the primary residential parent the father will not see her on a daily basis in any event.
 

 The court further noted that “the improvement in the mother’s quality of life [by relocating] should indirectly, and directly, benefit Adrianna.” These comments indicate to us that instead of focusing on what was best for the child as required under the statute, the court favored the former
 
 *1273
 
 wife because she was the primary residential parent, her reasons for relocation were genuine, and relocation would improve the quality of
 
 her
 
 life, not necessarily the life of the child. This was error.
 
 See Berrebbi v. Clarke,
 
 870 So.2d 172, 174 (Fla. 2d DCA 2004) (reversing an order granting relocation and noting that the trial court erred in analyzing the petition for relocation under the statutorily superseded rule of law favoring a good-faith request to relocate).
 

 Accordingly, we reverse and remand for the trial court to enter an order vacating that portion of the final judgment which allows relocation and for further proceedings as deemed appropriate on remand.
 
 See Cecemski v. Cecemski,
 
 954 So.2d 1227, 1231 (Fla. 2d DCA 2007). We affirm the final judgment in all other respects.
 

 Reversed and remanded with directions.
 

 SILBERMAN and WALLACE, JJ, Concur.