NORTHCUTT, Judge.
 

 Douglas Zepeda appeals a nonfinal order permitting Courtney Zepeda to relocate with their child during their ongoing disso
 
 *680
 
 lution of marriage case. The circuit court erred by basing its ruling on a purported agreement between the parties and by failing to establish a timesharing plan. The temporary child support award is also contrary to law. Accordingly, we reverse.
 

 The parties were married for approximately six years at the time the dissolution petition was filed. They have one daughter, who was three years old at the beginning of this case. Mr. Zepeda and the child are members of the Seminole Indian Tribe. The family has always lived in Naples, in close proximity to the Big Cypress Indian Reservation and Mr. Zepe-da’s family. Ms. Zepeda’s family lives in northern Florida, in Clay County, and she would like to move to that area and be closer to her family and friends. To that end, she obtained a job offer for a position in the Clay County school system similar to the job she held in Collier County.
 

 In contemplation of Ms. Zepeda’s move, the parties discussed timesharing, and Ms. Zepeda prepared a schedule that provided almost equal time for each parent, taking into account their work schedules, college football games that they and their extended families have traditionally attended, and tribal events. But the schedule could work only until the child started school. Mr. Zepeda testified that he did not agree to the arrangement and would only agree if Ms. Zepeda would return to Naples when their daughter started school. Because the parents were unable to resolve this issue, Ms. Zepeda filed a notice of intent to relocate. After several hearings, the circuit court entered a temporary order permitting Ms. Zepeda to move the child to Clay County.
 

 During a pending dissolution of marriage proceeding, a court may temporarily permit a child’s relocation if it finds from the evidence “a likelihood that on final hearing the court will approve the relocation of the child, which findings must be supported by the same factual basis as would be necessary to support the permitting of relocation in a final judgment.” § 61.13001(6)(b)(2), Fla. Stat. (2008). The factors to be considered when deciding relocation issues are enumerated in section 61.13001(7). In the alternative, the statute provides for relocation when the parties sign a written agreement that is ratified by the court. § 61.13001(2).
 

 Here, the parties did not have an agreement for their child’s relocation, but the court appeared to treat Ms. Zepeda’s proposed timesharing schedule as such. In both its oral comments and its written order, the court placed great weight on what it referred to as “the kitchen table agreement.” And in doing so, the court erred. Without dispute, the schedule did not suffice as a relocation agreement under section 61.13001(2), which requires a signed writing.
 

 In somewhat similar circumstances, the Fifth District concluded that a circuit court erred by admitting into evidence a settlement proposal and testimony concerning negotiations to resolve the parties’ child custody dispute.
 
 Stamm v. Stamm,
 
 489 So.2d 851, 853 (Fla. 5th DCA 1986). There, the parties had engaged a mediator who drew up an agreement, but neither party had signed it.
 
 Id.
 
 at 853-54. The appellate court held:
 

 Admission of this settlement proposal resulted in error because the trial court partially based its decision that the mother should receive primary residential responsibility based on the allegations that the father had agreed to the settlement proposal and that the mother would have custody of the child from grades one through twelve. Basing his decision on a finding that the parties had agreed to the proposal was error both in fact and in law.
 

 Id.
 
 at 854. In this case, we do not hold that it was improper to allow Ms. Zepeda
 
 *681
 
 to submit the schedule as a timesharing proposal. But it was error for the court to base its relocation decision on a finding that the parties had agreed to the schedule when, in fact, they had not. For this reason, we are compelled to reverse the order approving the temporary relocation and remand for consideration of the issue in light of the factors prescribed in section 61.13001(7).
 

 Reversal is also warranted due to the order’s failure to include a timesharing schedule. Without a schedule, the circuit court could not evaluate the feasibility of preserving the parent-child relationship through substitute arrangements.
 
 See Coyle v. Coyle,
 
 8 So.3d 1271 (Fla. 2d DCA 2009) (reversing relocation decision when court failed to set forth timesharing schedule). Although the court apparently contemplated that the parties would operate under Ms. Zepeda’s proposal, it did not expressly adopt it. If, on remand, the court again authorizes the relocation of the child, it shall devise an appropriate time-sharing schedule.
 

 Finally, we must reverse the temporary child support award. As a member of the Seminole Tribe, the child has received a monthly stipend in addition to a monthly deposit into a trust account. But the testimony revealed some uncertainty about future payments, which are determined by the Tribe. Rather than calculating support under the guidelines, the circuit court simply ordered that Ms. Zepeda would receive temporary child support in the amount of the monthly stipend the child has received in the past. Without any findings regarding the parents’ incomes, the court ordered Mr. Zepeda to make up the difference in the event that the Tribe reduces the child’s stipend in the future. Moreover, the support award was ordered without regard to whether the child would be spending a substantial amount of time with her father.
 

 Section 61.30 establishes child support guidelines based on the parents’ incomes. It contains a specific provision allowing the court to adjust child support obligations based on “[independent income of the child, not to include moneys received by a child from supplemental security income.” § 61.30(ll)(a)(2). The statute also mandates an adjustment in support when “a parent exercises visitation at least 40 percent of the overnights of the year.” § 61.30(11)(b);
 
 Rainsberger v. Rainsberger,
 
 819 So.2d 275 (Fla. 2d DCA 2002). Here, the circuit court was not authorized to completely bypass the child support guidelines. We reverse the temporary support award and remand for the court to fashion temporary child support in a manner consistent with section 61.30.
 

 Reversed and remanded for further proceedings.
 

 CASANUEVA, C.J., and MORRIS, J„ Concur.