DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KRISTAL RYAN,**
Appellant,

v.

**ROBERT RYAN,**
Appellee.

No. 4D17-2440

[August 8, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2011-DR-003010-XXXXNB.

Dave K. Roy of Roy & Associates, P.A., West Palm Beach, for appellant.

Andrew A. Harris of Burlington & Rockenbach, P.A., West Palm Beach, and Tana R. Sachs Copple of Copple Sachs Copple, Palm Beach Gardens, for appellee.

GROSS, J.

On May 4, 2017, the father filed a supplemental petition for relocation pursuant to section 61.13001, Florida Statutes (2017).

The petition was served on the mother on May 17, 2017, and she was required to file a response "within 20 days after service of [the] petition to relocate." § 61.13001(3), Fla. Stat. (2017). She obtained a lawyer, who filed a notice of appearance on May 26, 2017. The response was due on June 6; on that day the mother's lawyer filed a motion for enlargement of time, requesting an additional 20 days to respond to the petition. The motion was never ruled upon.

On June 15, the presiding judge recused herself and the case was reassigned to Judge Miller. Five days later, the father moved for an order allowing relocation due to the mother's failure to object.

On June 27, the mother filed an objection to the petition, which argued that "good cause" existed for the court not to enter a default judgment.

The objection documented various reasons, including the hospitalization of the mother's lawyer and the sudden illness of the lawyer's daughter.

Two days later, the trial court entered its final judgment granting relocation "without an evidentiary hearing due to the other party's failure to file an objection." The court noted that the mother's response was untimely and determined "that the relocation is in the best interests of the children based upon the undisputed pleadings." The court adopted the time-sharing schedule and post-relocation transportation arrangements contained within the petition and attached a relocation parenting plan.

Section 61.13001(3)(d) provides that where a parent fails to timely file a response objecting to a petition to relocate, the court shall enter an order granting the petition "absent good cause."

Here, "good cause" existed to preclude entry of the relocation judgment despite the former wife's untimely response to the petition. The mother timely obtained a lawyer. The delay in filing was entirely the fault of the lawyer, who provided documentation for excuses beyond his control. The statute allows a court to act expeditiously when one parent puts up no roadblock to relocation. Where, through filings in the court file, a parent indicates an intention to participate in the relocation process, the law frowns on defaults and encourages a noticed hearing where both sides can present their positions and the trial judge may consider children's best interests. *See Vaelizadeh v. Hossaini*, 174 So. 3d 579, 584 (Fla. 4th DCA 2015).

As we did in *Vaelizadeh*, we reverse the relocation judgment, treat the judgment as a non-final order granting temporary relocation, and remand for a hearing consistent with section 61.13001.

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***