# Third District Court of Appeal

## State of Florida

Opinion filed February 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1821
Lower Tribunal No. 12-298
_____


**Frank P. Sanabria,**
Appellant,

vs.

**Lidania Sanabria n/k/a Lidania Davis,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Martinez-Scanziani & Associates Law, P.A., and Denise Martinez Scanziani, for appellant.

Mandel Law Group, P.A., and Roberta G. Mandel, for appellee.


Before LOGUE and MILLER, JJ., and SUAREZ, Senior Judge.

SUAREZ, Senior Judge.

Frank P. Sanabria (the "father") appeals from an Order Granting Former Wife's Petition to Relocate, which granted Lidania Sanabria's (the "mother") petition to relocate with the parties' two minor children from Miami to Huntsville, Alabama. As explained below, because the trial court erred in applying a presumption that the relocation is in the best interests of the children and placing the burden of proof on the father, as the nonrelocating parent, to show that the relocation is not in the best interests of the children, we reverse and remand for a hearing consistent with the burden of proof as set forth in section 61.13001(8), Florida Statutes (2017).

I.    SUMMARY OF ISSUE ON APPEAL

The issue on appeal concerns the interaction between two subsections of section 61.13001, Florida Statutes (2017), Parental Relocation with a Child. Section 61.13001(3)(d), Florida Statutes (2017), provides that if a petition to relocate with a minor child is filed and served and an objection to the relocation is not timely filed, it is presumed that the relocation is in the best interest of the child and the trial court may enter an order allowing relocation. Section 61.13001(8), Florida Statutes (2017), provides that if there is an evidentiary hearing to determine whether relocation is in the best interest of the child, the person requesting relocation has the burden of proving by a preponderance of the evidence that the relocation is in the best interest. The specific question raised in this appeal is whether where a timely

2

objection was not filed but where the trial court found there was good cause for the failure to file and ordered an evidentiary hearing to determine whether the relocation is in the best interest of the child, does the statutory presumption found in section 61.13001(3)(d) that relocation is in the best interest carry over to the evidentiary hearing and shift the burden of proof from the party requesting the relocation to the objecting party to first prove by a preponderance of evidence that the relocation is not in the best interest of the child. As explained more fully below, based on these facts, we find it does not.

II.     FACTUAL AND PROCEDURAL HISTORY

The mother and father were married on December 3, 2005, and had two children during the marriage. On May 30, 2013, the mother and father entered into a marital settlement agreement providing for shared parental responsibility and timesharing with the children. The marital settlement agreement was ratified by the trial court in the final judgment of dissolution of marriage entered on June 13, 2013.

On April 17, 2017, the mother filed a Petition to Relocate (the "Petition") with the parties' two children from Miami to Huntsville, Alabama. The mother sought to relocate because her current husband, who lives in California, had accepted a job offer in Huntsville, and is was her desire to move to Huntsville with the children to live with her husband. In accordance with section 61.13001(3)(a)(7), Florida Statues (2017), the Petition included the following statement:

3

A RESPONSE TO THIS PETITION OBJECTING TO RELOCATION MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE PARENT OR OTHER PERSON SEEKING TO RELOCATE WITHIN 20 DAYS AFTER SERVICE OF THIS PETITION TO RELOCATE. IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILDREN, WITHOUT FURTHER NOTICE AND WITHOUT A HEARING.

The father was personally served with the Petition on April 18, 2017, and retained counsel ten days later. On May 8, 2017, the father's counsel filed a Motion for Additional Time to File a Responsive Pleading. On May 11, 2017, the mother filed a Motion for Entry of Order Allowing Relocation Due to Former Husband's Failure to File an Objection to Relocation Pursuant to Section 61.13001, Florida Statutes ("Motion for Entry of Order Allowing Relocation"). The mother argued that the order should be entered as the father was required by the statute to timely file an objection and did not do so. The father subsequently filed a Response to Petition to Relocate and Request for Temporary Order on May 16, 2017, and an Amended Answer and Objection to Petition to Relocate on June 2, 2017.

On June 19, 2017, the trial court conducted a hearing on the mother's Motion for Entry of Order Allowing Relocation. At the hearing, the trial court found that the father's failure to file a response objecting to the Petition within twenty days as required by section 61.13001(3)(a)(7) was caused by his attorney's failure to file the required objection and instead filing a motion for additional time and was not due to

4

the fault of the father. As a result, the trial court found good cause was shown pursuant to section 61.13001(3)(d), Florida Statutes (2017), for the trial court not to enter an order allowing relocation. The trial court stated that the matter would proceed to a hearing on the merits. That same day, the trial court entered an order denying the mother's Motion for Entry of Order Allowing Relocation, stating that it "has taken notice that an objection and answer was not timely filed, however, the matter (the Petition to Relocate) will be heard on the merits." The court specifically found good cause, finding that the counsel for the father did not file the proper pleadings, on time, inadvertently, by filing a motion for extension of time and that such was "in no fault, the client's [,i.e, the father's] error."

A hearing on the merits of the mother's Petition took place on June 26, 2017. At the start of the hearing, the mother argued that pursuant to section 61.13001(3)(d), the father's failure to timely file a response objecting to the Petition established a presumption that the relocation was in the best interests of the children and that as a result, the burden of proof shifted from the mother, as the parent seeking to relocate, to the father to overcome the presumption. The trial court agreed, stating that "I am . . . interpreting the statute to mean that the burden now shifts to her [father's counsel] and that there is a presumption that it is in the child's best interest to move and you have to overcome that presumption." The father presented his case and the trial court heard closing argument. The trial court reconvened on July 13, 2017, and

5

affirmed its ruling that once a response objecting to the Petition was not timely filed, the burden of proof shifted to the father to prove by a preponderance of the evidence that the relocation is not in the best interests of the children. The trial court further stated that in conducting the hearing it was "relying on a Petition and not evidence. And then I am weighing the testimony of the [father] first." The trial court orally pronounced its decision to grant the Petition.

On July 25, 2018, the trial court entered its Order Granting Former Wife's Petition to Relocate. The Order stated:

> [T]he Court is affirming the prior ruling that the burden of proof shifted to the [father] once an objection was not timely filed. This Court affirms its ruling made at the June 26, 2017, hearing that it is presumed that the relocation is in the best interests of the parties' children and that the relocation should be allowed, and that the burden of proof shifted to [father] as the non-relocating parent to show by a preponderance of the evidence that the proposed relocation is not in the best interests of the parties' children. Though the statute provides for the Court to rule in favor of the [mother] without hearing from [father], the Court held a hearing and weighed the Petition to Relocate and the evidence presented by [father].

The trial court considered the factors set forth in paragraphs (a)-(i) of section 61.13001(7), Florida Statutes (2017), specifically finding with regard to factors (b), (c), (e), and (f) that the father failed to show by a preponderance of the evidence that the relocation is not in the best interest of the children, and as to factor (h), that the

6

father failed to show that the relocation is not sought in good faith. The trial court ordered the relocation effective immediately.

The father appeals from the Order Granting Former Wife's Petition to Relocate.

III.   STANDARD OF REVIEW

"An order on a petition for relocation is reviewed for an abuse of discretion, and the appellate court considers whether competent, substantial evidence supports the court's findings under section 61.13001(7), Florida Statutes." Ness v. Martinez, 249 So. 3d 754, 757 (Fla. 1st DCA 2018). "[H]owever, the question of whether the trial court properly applied the relocation statute is a matter of law, reviewed de novo." Milton v. Milton, 113 So. 3d 1040, 1041 (Fla. 1st DCA 2013); accord Kephart v. Hadi, 932 So. 2d 1086, 1089 (Fla. 2006) ("The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review.").

IV.   ANALYSIS

The father raises several issues on appeal. We address only one—whether the trial court erred in applying the presumption set forth in section 61.13001(3)(d), Florida Statutes (2017), and in shifting the burden of proof to the father despite finding good cause to not enter an order allowing relocation and proceeding to a hearing on the merits of the mother's Petition. Based on the plain language of the

7

statute, we conclude that the trial court was incorrect in applying the presumption and shifting the burden of proof to the father in the evidentiary hearing.

This case concerns a parent's petition to relocate with a child filed under section 61.13001, Florida Statutes (2017). Section 61.13001(3), Florida Statutes, sets forth the requirements for petitions to relocate, and provides in relevant part:

> (3) Petition to relocate.--Unless an agreement has been entered as described in subsection (2), a parent or other person seeking relocation must file a petition to relocate and serve it upon the other parent, and every other person entitled to access to or time-sharing with the child. The pleadings must be in accordance with this section:
>
> (a) The petition to relocate must be signed under oath or affirmation under penalty of perjury and include:
> . . . .
>
> 7. Substantially the following statement, in all capital letters and in the same size type, or larger, as the type in the remainder of the petition:
>
> A RESPONSE TO THE PETITION OBJECTING TO RELOCATION MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE PARENT OR OTHER PERSON SEEKING TO RELOCATE WITHIN 20 DAYS AFTER SERVICE OF THIS PETITION TO RELOCATE. IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILD, WITHOUT FURTHER NOTICE AND WITHOUT A HEARING.
> . . . .
>
> (d) If the other parent and any other person entitled to access to or time-sharing with the child fails to timely file a response objecting to the petition to relocate, it is

8

presumed that the relocation is in the best interest of the child and that the relocation should be allowed, and the court shall, absent good cause, enter an order specifying that the order is entered as a result of the failure to respond to the petition and adopting the access and time- sharing schedule and transportation arrangements contained in the petition. The order may be issued in an expedited manner without the necessity of an evidentiary hearing. If a response is timely filed, the parent or other person may not relocate, and must proceed to a temporary hearing or trial and obtain court permission to relocate.

Section 61.13001(8), Florida Statutes (2017), governs the burden of proof for petitions to relocate and provides as follows:

(8) Burden of proof.-- The parent or other person wishing to relocate has the burden of proving by a preponderance of the evidence that relocation is in the best interest of the child. If that burden of proof is met, the burden shifts to the non-relocating parent or other person to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child.

The issue of whether the legislature intended the presumption set forth in section 61.13001(3)(d) to operate at a hearing on the merits conducted after the trial court finds good cause not to enter an order allowing relocation is a matter of statutory construction. "'The polestar of a statutory construction analysis is legislative intent.'" Edwards v. Thomas, 229 So. 3d 277, 283 (Fla. 2017) (quoting W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 8 (Fla. 2012)); accord Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008), as revised on denial of reh'g, (Jan. 29, 2009) ("A court's purpose in construing a statute is to give effect to legislative intent, which

9

is the polestar that guides the court in statutory construction."). To determine legislative intent, a proper analysis begins with the language of the statute at issue. Id. at 106 ("To discern legislative intent, a court must look first and foremost at the actual language used in the statute."); Blanton v. City of Pinellas Park, 887 So. 2d 1224, 1230 (Fla. 2004) ("As in all cases of statutory construction, we first look to the language of the statute."). "Normally, '[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'" Knowles v. Beverly Enterprises-Florida, Inc., 898 So. 2d 1, 5 (Fla. 2004) (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984)); accord Blanton, 887 So. 2d at 1230. Moreover, in discerning legislative intent, a court must also "give effect to all statutory provisions, and construe related provisions in harmony with one another." Hechtman v. Nations Title Ins. of N.Y., 840 So. 2d 993, 996 (Fla. 2003).

Here, the trial court relied on section 61.13001(3)(d) when it "presumed that the relocation is in the best interests of the parties' children and that the relocation should be allowed, and that the burden of proof shifted to [father]." Specifically, the trial court relied upon the first sentence of the statute, which states as follows:

> If the other parent and any other person entitled to access
> to or time-sharing with the child fails to timely file a

response objecting to the petition to relocate, it is presumed that the relocation is in the best interest of the child and that the relocation should be allowed, and the court shall, absent good cause, enter an order specifying that the order is entered as a result of the failure to respond to the petition and adopting the access and time- sharing schedule and transportation arrangements contained in the petition.

Id. The trial court's application of the presumption that the "relocation is in the best interests of the child and that the relocation should be allowed" at a hearing conducted after finding good cause not to enter an order allowing relocation is not supported by the clear language of section 61.13001(3)(d). Pursuant to the statute, the presumption applies when "the other parent and any other person entitled to access to or time-sharing with the child fails to timely file a response objecting to the petition to relocate." Id. The statute, however, provides for an exception when "good cause" exists. Id.; see also Ryan v. Ryan, 252 So. 3d 272, 273 (Fla. 4th DCA 2018) ("Section 61.13001(3)(d) provides that where a parent fails to timely file a response objecting to a petition to relocate, the court shall enter an order granting the petition 'absent good cause.'"). The statute thus instructs that where an objection is filed, or good cause exists, "the parent or other person may not relocate, and must proceed to a temporary hearing or trial and obtain court permission to relocate." Id. In other words, the presumption set forth in section 61.13001(3)(d) applies in the absence of good cause. Where, as here, good cause is found to exist, the presumption does not apply and the matter proceeds to a hearing on the merits of the petition to

11

relocate. As such, we find that the trial court erred when it "presumed that the relocation is in the best interests of the parties' children and that the relocation should be allowed" at the hearing on the mother's Petition.

The trial court then impermissibly shifted to the father what was properly the mother's burden of proof. As the proponent of the move, it was the mother's burden to prove by a preponderance of the evidence that the relocation to Huntsville was in the best interest of the parties' children. Once the trial court found good cause for the failure of the objection to be timely filed and determined that the matter would proceed to a hearing on the merits of the mother's Petition, the burden of proof as set forth in section 61.13001(8) applied. That statute provides that "[t]he parent or other person wishing to relocate has the burden of proving by a preponderance of the evidence that relocation is in the best interest of the child." Id. Only once that burden is met does the burden of proof shift "to the non-relocating parent or other person to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child." Id. Section 61.13001(8) does not contain an exception for hearings conducted after the trial court finds good cause not to enter an order allowing relocation, nor does it provide that the presumption set forth in section 61.13001(3)(d) carries forth to a hearing on the merits. Accordingly, we find that the trial court erred in placing the burden of proof on the father, as the non-relocating parent, at the hearing on the mother's Petition.

12

Because the trial court improperly shifted the burden of proof to the father, the Order Granting Former Wife's Petition to Relocate is not supported by competent substantial evidence. At the start of the hearing, the mother argued that because the father had failed to timely file a response objecting to the Petition, the presumption that the relocation is in the best interests of the children and that the relocation should be allowed applied at the hearing. The trial court agreed, and ruled that the burden of proof shifted to the father and directed him to proceed first, with the assumption that the mother had proven that the relocation was in the best interests of the children. The father presented his case, and the trial court then heard closing arguments. The trial court reconvened to orally pronounce its ruling on the Petition, and stated that in making its decision, it was "relying on a Petition and not evidence," as the mother was not required to present evidence. Thus, as a result of the trial court's erroneous application of the presumption and burden-shifting, the trial court's order is not supported by competent substantial evidence that the mother's relocation with the children is in the best interest of the children. See Arthur v. Arthur, 54 So. 3d 454, 459 (Fla. 2010) ("[A] best interests determination in petitions for relocation . . . must be supported by competent, substantial evidence.").

V.    CONCLUSION

Based on the forgoing, we conclude the trial court erred in applying the presumption set forth in section 61.13001(3)(d) and shifting the burden of proof to

13

the father. We therefore reverse the Order Granting Former Wife's Petition to Relocate, treat the Order as a non-final order granting temporary relocation, see Ryan, 252 So. 3d at 273; Vaelizadeh v. Hossaini, 174 So. 3d 579, 584 (Fla. 4th DCA 2015), and remand for a hearing in accordance with the proper burden of proof as set forth in section 61.13001(8).

Reversed and remanded.