# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1585
Lower Tribunal No. 20-3659-FC-04
_____

**Leslie G. Greenwood,**
Appellant/Cross-Appellee,

vs.

**Drew A. Greenwood,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Marlene Fernandez-Karavetsos, Judge.

Abramowitz and Associates, and Jordan B. Abramowitz, for appellant/cross-appellee.

The Carlyle Appellate Law Firm, and John B. Bogdanoff and Christopher V. Carlyle (Orlando), for appellee/cross-appellant.

Before FERNANDEZ, MILLER and GOODEN, JJ.

GOODEN, J.

After an eleven-day hearing, the trial court issued a twenty-four-page order denying the Mother's motion to relocate her minor child from Miami to Gainesville. The Mother and Father both appeal that order, but for different reasons. We affirm in all respects.

Our review of the record reveals the trial court properly applied section 61.13001, Florida Statutes, and its burden shifting framework. See Milton v. Milton, 113 So. 3d 1040, 1041 (Fla. 1st DCA 2013) ("[T]he question of whether the trial court properly applied the relocation statute is a matter of law, reviewed de novo."); § 61.13001(8), Fla. Stat. (2024). It scrutinized the evidence presented by both parties and performed a full analysis of the factors in subsection (7). Id. at (7)(a)-(k). The trial court did not apply a presumption either in favor or against relocation. Id. Ultimately, it found that the Father met his burden and relocation was not in the best interest of the child. See Rossman v. Profera, 67 So. 3d 363, 365–66 (Fla. 4th DCA 2011) ("Ultimately, the concern in a relocation determination is whether the relocation is in the best interests of the child.").

The record shows that this was a difficult decision for the trial court. Both parents love and are devoted to this child. They are both involved in all aspects of this child's life. Each want to maintain their relationship with the child. But the trial court simply did not abuse its discretion. Sanabria v.

Sanabria, 271 So. 3d 1101, 1104 (Fla. 3d DCA 2019). Instead, it properly exercised that discretion. Its findings were supported by competent, substantial evidence. Id. This evidence was "reasonable and logical." Wiggins v. Fla. Dep't of Highway Safety & Motor Vehicles, 209 So. 3d 1165, 1173 (Fla. 2017). See also De Groot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957) ("We have used the term 'competent substantial evidence' advisedly. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.").

To hold otherwise would require us to reweigh evidence and substitute our judgment and findings for those of the trial court. This we cannot do. See Shaw v. Shaw, 334 So. 2d 13, 16 (Fla. 1976) ("It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it."); Lahodik v. Lahodik, 969 So. 2d 533, 535 (Fla. 1st DCA 2007) ("Similarly, the appellate court does not assess whether it is possible to recite contradictory record evidence which supports arguments rejected below, nor does it retry the case or substitute its judgment for the trial court's on factual matters supported by competent, substantial evidence."); Fla. Mining &

Materials v. Mobley, 649 So. 2d 934, 934 (Fla. 1st DCA 1995) ("But the case may not be retried on appeal, and a ruling which is supported by competent substantial evidence will be upheld even though there may be some persuasive evidence to the contrary."); Froman v. Froman, 458 So. 2d 833, 833 (Fla. 3d DCA 1984) ("We could reverse only by reweighing the evidence and credibility of the witnesses—which an appellate court is not permitted to do.").

Affirmed.