# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-0348 & 3D24-995
Lower Tribunal No. 20-12623-FC-04
_____

**Amber Marie Harman,**
Appellant,

vs.

**Yonder Alonso,**
Appellee.

Appeals from a non-final order from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Crabtree & Auslander, LLC and John G. Crabtree and Charles M. Auslander and Brian Tackenberg, for appellant.

Perez-Abreu & Martin-Lavielle, P.A., and Christina Macrobert-Ruiz and Ana Martin-Lavielle, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

LOBREE, J.

Amber Marie Harman (the "mother") appeals from an amended order denying the petition she filed against her former husband, Yonder Alonso (the "father"), seeking to relocate the parties' two minor children to San Diego, California. We reverse and remand for further proceedings.

**BACKGROUND**

The mother and father married in 2017 and have two children, T.A. and I.A. In August 2020, the father filed a petition for dissolution of marriage. The parties later entered into a marital settlement agreement and parenting plan, which was incorporated into an August 2021 final judgment of dissolution of marriage. The parenting plan provided for equal timesharing with the children. The parenting plan also acknowledged that when the parties formed the agreement, the mother was a resident of California, where she and the children had been living since June 2020. In the parenting plan, the mother agreed to move to Florida with the children by August 2021, and it is undisputed that at the time of the final judgment, the mother and father both resided in Miami.

In April 2023, the mother filed a petition seeking to relocate with the children to San Diego, California, where her fiancé lived. The mother claimed that the relocation would enhance the general quality of life and stability for the children and herself. The mother alleged that she is the

2

primary caregiver for the children, that the father travels for work anywhere from 7–14 days a month, and that the father regularly stays in San Diego as he is routinely required to be there for work. The father filed a verified objection to the mother's petition for relocation. The father asserted that relocation of the children to California was not in the children's best interest. Among other things, the father argued that relocation would hinder his relationship with his children, with whom he was actively involved, and that the children have an extended network of family and friends in Miami. The father also denied regularly going to San Diego for work.

The matter was heard over four days in December 2023.[1] The trial court heard from numerous witnesses from both parties. The trial court then entered an amended order denying the mother's petition for relocation. The trial court made written findings on each of the requisite statutory factors set out in section 61.13001(7)(a)–(k), Florida Statutes (2023). The trial court also addressed the parties' burden of proof, as expressed in section 61.13001(8). Concerning that burden, at the end of the mother's case, the trial court denied the father's directed verdict motion, finding that the mother in fact had established by a preponderance of the evidence that the

---

[1] As of the hearing, the mother had married her fiancé, and the trial court found she had effectively moved to San Diego.

3

relocation was in the children's best interest and presented evidence that she was more attentive and capable of meeting their needs. However, after hearing evidence from the father, and weighing the evidence he presented, the trial court concluded that the father established that "he too is capable of meeting the children's needs and provides an equally loving and nurturing environment for their growth." The trial court concluded that based upon the evidence presented, the father met his burden by a preponderance of the evidence that relocation is not in the children's best interest. This appeal followed.

## STANDARD OF REVIEW

"When reviewing an order on a petition to relocate, an appellate court is limited to an abuse of discretion review based on whether the statutory findings made by the trial court are supported by competent, substantial evidence." Cruz v. Morales, 400 So. 3d 716 (Fla. 3d DCA 2024) (quoting Mignott v. Mignott, 337 So. 3d 408, 410 (Fla. 3d DCA 2021)). "[H]owever, the question of whether the trial court properly applied the relocation statute is a matter of law, reviewed de novo." Sanabria v. Sanabria, 271 So. 3d 1101, 1104 (Fla. 3d DCA 2019) (quoting Milton v. Milton, 113 So. 3d 1040, 1041 (Fla. 1st DCA 2013)); accord Vanderhoof v. Armstrong, 383 So. 3d 868, 870 (Fla. 5th DCA 2024).

4

## DISCUSSION

"Section 61.13001(7) of the Florida Statutes governing relocation requests expressly states that no 'presumption in favor of or against a request to relocate with the child' arises simply because a 'move will materially affect the current schedule of contact, access, and time-sharing with the nonrelocating parent . . . .'" Orta v. Suarez, 66 So. 3d 988, 993 (Fla. 3d DCA 2011). Rather, in determining whether to grant a parent's petition to relocate where the proposed relocation is contested, a trial court must consider all of the enumerated statutory factors set forth in section 61.13001(7)(a)–(k), Florida Statutes. See § 61.13001(7) ("A presumption in favor of or against a request to relocate with the child does not arise if a parent or other person seeks to relocate and the move will materially affect the current schedule of contact, access, and time-sharing with the nonrelocating parent or other person. In reaching its decision regarding a proposed temporary or permanent relocation, the court shall evaluate all of the following [factors (a)–(k)] . . . .").

As with any timesharing matter, the primary concern in a relocation determination is the best interests of the child. See Ward v. Waters, 389 So. 3d 652, 654 (Fla. 3d DCA 2024) ("[T]he polestar consideration in any timesharing award is the best interests of the child."); Rossman v. Profera,

5

67 So. 3d 363, 365 (Fla. 4th DCA 2011) ("Ultimately, the concern in a relocation determination is whether the relocation is in the best interests of the child."). To that end, subsection (8) of the statute delineates the applicable burden of proof, providing that "the parent seeking to change residence must initially prove by a preponderance of the evidence that relocation is in the best interests of the child. Assuming this burden is satisfied, the non-relocating parent must then demonstrate by a preponderance of the evidence that the proposed relocation is not in the child's best interests." Ward, 389 So. 3d at 655 (citation omitted); § 61.13001(8), Fla. Stat. ("The parent or other person wishing to relocate has the burden of proving by a preponderance of the evidence that relocation is in the best interest of the child. If that burden of proof is met, the burden shifts to the nonrelocating parent or other person to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child.").

On appeal, the mother contends that in evaluating the statutory criteria in section 61.13001(7), the trial court relied on legally impermissible findings to conclude that relocation was not in the best interest of the children. Specifically, the mother maintains that the trial court improperly relied on findings that are either inherent in all relocation considerations, or

6

speculative. We agree. In addressing factor (7)(k), the trial court found that "[i]n the event this Court granted relocation, the children would be required to adapt to new schools, friends, and routines." But in Orta, this court made clear that "acclimating to a new daily routine and schedule, becoming accustomed to a new home and surroundings, and adjusting to no longer being with the parent with whom the child previously lived, are inherent in every relocation, and again *exactly the type of consideration that section 61.13001(7), expressly directs should not be determinative in considering a contested motion for relocation.*" 66 So. 3d at 1001 (emphasis added) (citing to § 61.13001(7)). Additionally, as to factor (7)(g) ("The current employment and economic circumstances of each parent . . . and whether the proposed relocation is necessary to improve the economic circumstances of the parent . . . seeking relocation of the child."), the trial court found that "[t]he mother is in a supportive relationship with her husband. . . . Both parents are currently financially stable. Presently, economics are not a concern for either parent nor a central issue to the Court's consideration. However, *without a supportive relationship, the Mother's finances and standard of living would change drastically.*"[2] (emphasis added). Generally, the trial court's

---

[2] In evaluating factor (7)(e) ("Whether the relocation will enhance the general quality of life for both the parent . . . seeking the relocation and the child, including, but not limited to, financial . . . benefits . . . ."), the trial court found

consideration of potential, future events or conditions in determining the best interests of a child is impermissible. See Arthur v. Arthur, 54 So. 3d 454, 459 (Fla. 2010) ("Because trial courts are unable to predict whether a change in any of the statutory factors will occur, the proper review of a petition for relocation entails a best interests determination *at the time of the final hearing,* i.e. a 'present-based' analysis."); accord Solomon v. Solomon, 221 So. 3d 652, 655 (Fla. 4th DCA 2017) ("A court may not consider potential future, or even anticipated, events as a substitute for evidence."); White v. Lee-Yuk, 354 So. 3d 563, 566 (Fla. 3d DCA 2022) ("[T]he court expressed doubts as to whether the mother would remain in a long-term relationship with her fiancé. Speculation as to future events is not a basis for denying relocation."). But cf., N.B. v. R.V., 353 So. 3d 1269, 1270 (Fla. 2d DCA 2023) ("We affirm the trial court's decision because a prospective modification is permissible when based on the child's best interests as determined at the final hearing and in consideration of an event that is *reasonably and objectively certain* to occur." (emphasis added)). Thus, the future status of the mother's marital relationship is irrelevant to an analysis of the statutory

---

that the mother's quality of life would be of a higher standard in California than it is in Miami, and that "[s]he currently resides in an apartment in Miami. In California where she is married, she resides in a larger home and has access to a higher standard of living."

factors set out in section 61.13001(7), and therefore the trial court erred in considering such a speculative fact.

We also agree with the mother's further contention that the trial court essentially employed a presumption against relocation in contravention of section 61.13001(7). "Under section 61.13001(7), there is no presumption in favor of or against relocation. The burden of proof is on the parent seeking to relocate to prove by a preponderance of the evidence that relocation is in the best interest of the child. § 61.13001(8)." Coyle v. Coyle, 8 So. 3d 1271, 1272 (Fla. 2d DCA 2009). Here, the trial court found that the mother met her burden of proof by a preponderance of the evidence that relocation of the children to San Diego is in their best interest and denied the father's directed verdict motion on that basis. The burden then shifted to the father to show by a preponderance of the evidence that relocation is not in the best interest of the children. See § 61.13001(8), Fla. Stat. Based on its finding that the father's evidence "established that he too is capable of meeting the children's needs and provides an equally loving and nurturing environment for their growth," the trial court determined that the father met his burden by a preponderance of the evidence and concluded that relocation was not in the children's best interests. At most, this finding established only that the parties are equally able to attend to their children's needs. This finding, that

9

the parties' evidence was in equipoise, means that the father failed to meet the burden, now shifted to him, to show that relocation was not in the best interest of the children. See, e.g., Rollins v. Rollins, 336 So. 3d 1241, 1243–44 (Fla. 5th DCA 2022) (explaining that the "'preponderance' of the evidence is defined as 'the greater weight of the evidence,'" and holding that "[g]iven the equipoise in both evidence and credibility," party did not meet burden to prove disputed assertion by a preponderance of the evidence (quoting Gross v. Lyons, 763 So. 2d 276, 280 n.1 (Fla. 2000))). Hence, it appears that in breaking the "tie" between the parties, the trial court inadvertently conferred a presumption against the mother's request to relocate in concluding that the father proved by a preponderance of the evidence that relocation was not in the children's best interest. This was an erroneous application of section 61.13001(7), which expressly precludes application of a presumption against relocation.

Because the trial court relied on legally impermissible findings in its consideration of the statutory factors set forth in sections 61.13001(7)(g) and (k), and erroneously applied a presumption against relocation, we reverse in its entirety the order denying the mother's petition for relocation and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.